## SIMMERLY v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16357.   Decided April 4, 1938

A. H. Dudnik, Cleveland, and Simon Amdur, Cleveland, for appellant.

Squire, Sanders & Dempsey, Cleveland, for appellee.

STEVENS, PJ, DOYLE, and WASHBURN, JJ, (9th Dist) sitting by designation.

## OPINION

By DOYLE, J.

This cause is presented to this court as an appeal on questions of law from the Court of Common Pleas of Cuyahoga county, Ohio.

The suit which was instituted by the plaintiff in the said Common Pleas Court was an action for damages alleged to have been sustained by the plaintiff as the result of the negligent operation of one of defendant's street cars. Issues were joined by the pleadings, and a trial was held, at the conclusion of which the jury returned a verdict for the plaintiff. A motion for new trial was filed within three days from the rendition of that verdict.

The transcript of the docket and journal entries of the Court from this point reveals the following:

"February 18, 1937. To Court: Motion for new trial is overruled, to which defendant excepts. It is therefore considered that said plaintiff recover of said defendant his said damages in the sum of $650.00 and also his costs of this suit, for all of which judgment is rendered against the defendant.

"March 1, 1937. Application for rehearing of defendant's motion for a new trial filed.

"March 10, 1937. Notice of appeal filed by defendant——Law.

"April 30, 1937. To Court: Motion for rehearing of motion for new trial is granted. Thereupon the entry of February 18, 1937, is vacated and the motion for new trial held for further consideration.

"June 9, 1937. To Court: Motion for new trial is granted, because of the failure of the juror to disclose former accident. Exceptions.

"June 14, 1937. Motion by plaintiff to vacate entries filed.

"June 23, 1937. Notice of appeal filed by plaintiff, with pricipe for transcript—— Law."

The single question presented to this court by the appellant, the plaintiff in the trial court, is whether the said trial court had authority "to make the entries set

forth, and vacate the judgment of February 18, 1937."

Judicial notice is taken by this court of the terms of the Court of Common Pleas of Cuyahoga county for the year 1937. The Common Pleas judges, in compliance with §§1533, 1534 and 1535 GC, set three terms of court, to begin January 4, May 3, and September 7.

It appears from the transcript that after the motion for a new trial had been overruled and the judgment entered, the defendant filed a motion asking for a rehearing on its motion for a new trial. Nine days later the said defendant filed a notice of appeal, which notice was within the statutory limitation from the judgment entry. While this appeal was pending, the trial court vacated the judgment entry and "held the motion for new trial for further consideration."

It further appears that all of the above proceedings occurred during the same term of court.

The trial court, after the termination of the term, granted the motion for a new trial which had been left pending from the preceding term of court.

This last decision, however, was in law the same as if it had been made in the preceding term because the ▆▆▆▆▆▆ ▆ discretionary power of the court is not lost by the continuance of a motion to the next term of court, and, when decided at that term, is the same, "in legal contemplation, as if the decision had been made at the term at which the motion was filed."

Niles v Parks et, 49 Oh St 370.

See also—

Knox County Bank v Doty, 9 Oh St 505, at p. 508.

Chandler & Taylor Co v Souther Pacific Co, 104 Oh St 188, at pp. 193-194.

The conclusion must be reached from the foregoing that the matte. must be considered as if all of the proceedings of the Court of Common Pleas occurred in the same term.

Under the circumstances of this case, did the trial court lose authority to act in the manner shown in the record after the notice of appeal was filed?

The Supreme Court of this state has determined in a recent decision that the Court of Common Pleas "retains control over its own orders and judgments during the term, with power to vacate and modify, which is not affected by the incidents that a motion for a new trial has been heard and overruled * * *." And that this inherent power

of the Court has not been "regulated or abridged by any statute." Nor has it been "abrogated or modified by any provision in the new Appellate Procedure Act."

Martinka v The Cleveland Ry Co, 133 Oh St 359.

The fact therefore that a notice of appeal had been filed did not ▆▆▆▆▆▆ ▆ take from the Court of Common Pleas its inherent power to control its own judgments during term.

In the instant case, as in Martinka v The Cleveland Ry. Co., supra, the provisions of amended §12223-2 GC, (117 O. L. 87, effective August 23, 1937), are not involved.

It follows from the foregoing that there is not a final order in the Court of Common Pleas upon which an appeal can be predicated. The appeal is therefore dismissed.

Appeal dismissed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.