PFEIFFER, APPELLANT AND APPELLEE, *v.* SHEFFIELD, ADMR., APPELLEE AND APPELLANT.

(Decided April 8, 1940.)

*Mr. James M. Hinton,* for Jacob Pfeiffer.

*Messrs. Schnee, Grimm & Belden,* and *Mr. Richard W. Tobin,* for E. K. Sheffield, Admr.

DOYLE, J.    Jacob Pfeiffer filed, in the Court of Common Pleas of Summit county, a petition, and named as defendant therein Eugene K. Sheffield, administrator of the estate of Kathryn D. Pfeiffer, deceased.

He alleged in a first cause of action that he had made payments totalling $25,627.50 upon a note, for the payment of which his wife, the defendant's decedent, was liable, under the mistaken belief that he had signed the note himself and was liable for its payment.    On this cause of action he prayed for a judgment against the estate for the amount of payments made by him.    In a second cause of action he prayed for a judgment against the estate of his deceased wife in the amount of $1,037.98, which amount he alleged he had expended for nursing and other expenses incidental to the last illness of his wife.    It was his claim that he should be reimbursed by the estate for the amount expended, for the reason that his wife was personally liable for the expenses and "had ample and sufficient resources to pay" said debts, and that he "was not financially able to pay."

A jury trial was waived and the cause came on for trial upon the issues as made by the pleadings.    The court found in favor of the plaintiff, Jacob Pfeiffer, on both causes of action.    A motion for a new trial was filed in due time, was overruled, and judgment was thereupon entered for the plaintiff on each cause of action.

Subsequently, the defendant administrator filed another motion for a new trial and asked for a vacation of the judgment theretofore rendered.    Upon consideration thereof the court, during the same term of court in which the judgment had been rendered, sustained the motion as to the first cause of action and vacated the judgment, but overruled it as to the second

cause of action, and as to this cause allowed the judgment to stand.

Appeal on questions of law was duly perfected to this court by the plaintiff to the action of the trial court in vacating the judgment rendered on the first cause of action, and likewise appeal was perfected to this court by the defendant from the judgment for the plaintiff on the second cause of action. For the purpose of convenience, the two appeals were consolidated and have been heard together.

The administrator first challenged the claim of the plaintiff in the Common Pleas Court by demurrer to the petition, in which it was charged that the court was without jurisdiction of the subject-matter of the action. The demurrer was overruled. The administrator then plead in his answer, after admitting that the plaintiff had filed his claim against the estate and that the same had been rejected by the administrator, that "he [the administrator] duly made and returned upon his oath unto the Probate Court * * *, a schedule of all known claims, debts and liabilities against the said estate, including the claims of the plaintiff, * * * and that, thereafter, * * * the plaintiff, pursuant to Section 10509-119, General Code, invoked the jurisdiction of the Probate Court * * * respecting his said claims by filing exceptions to the schedule of debts, claiming that [the administrator] * * * wrongfully and unlawfully rejected and refused to pay the plaintiff his said claims, and that said proceeding was, at the time of the filing of plaintiff's petition herein, and still is, pending in the Probate Court * * * and is wholly undetermined; and that the Probate Court * * * first obtained jurisdiction to try and determine the issues raised by plaintiff in his petition, and should be allowed to finally determine the issues raised by said exceptions."

The plaintiff's reply admitted that no hearing had ever been had by the Probate Court upon the excep-

tions to the schedule of debts, and that no finding, order or judgment had been made by the Probate Court with respect to the same.

In passing upon the jurisdiction of the Court of Common Pleas to hear and determine this cause, we conclude that, while Section 10509-119, General Code, grants to the Probate Court jurisdiction to modify or reverse the action of an executor or administrator in allowing or rejecting a claim upon hearing on exceptions, for parties who have selected the Probate Court as their forum to try the question of the validity of their claim, the mere fact that a person has filed exceptions to a schedule of debts in the Probate Court does not constitute such an election of the Probate Court as his forum as to preclude him from the benefits of the provisions of Section 10509-133, General Code, entitling him to file his action in the Court of Common Pleas, under the circumstances therein provided, if such action in the Court of Common Pleas has been filed prior to a *hearing* in the Probate Court under Section 10509-119, General Code, *supra.* The following language in Section 10509-133, General Code, is persuasive and forceful:

"* * * and provided that no claimant shall be permitted to bring an independent action on his claim *after it has been heard and decided on the merits on exceptions* to the schedule of debts filed by him. * * *" (Italics ours.)

Deciding as we do the question of the jurisdiction of the Court of Common Pleas, there is presented next the question of the jurisdiction of this court to entertain the appeal of the plaintiff, Pfeiffer, from the order of the Court of Common Pleas in setting aside the judgment on the first cause of action and ordering a new trial.

The record shows that the trial court first found for the plaintiff on the first cause of action, then overruled a motion for a new trial filed within three days of the

date of the finding, and then entered judgment for the plaintiff on the finding. Subsequently the trial court, upon motion duly made, during the same term of court, vacated and set aside the judgment on the first cause of action and ordered a new trial. The defendant has filed a motion in this court to dismiss the appeal filed by the plaintiff as to such action of the court.

Within term, the Court of Common Pleas has control over its journal, and the judgments and orders thereon, and such control vests the court with discretionary power to vacate or set aside its judgments; but such discretionary power ends with the term of court, except that such discretionary power of the court is not lost by the continuance, to a subsequent term, of a motion filed within term. *Simmerly* v. *Cleveland Ry. Co.*, 27 Ohio Law Abs., 197; *Niles* v. *Parks,* 49 Ohio St., 370, 34 N. E., 735.

And an order of a trial court setting aside a judgment and granting a new trial within term, is not a final determination of the rights of the parties, and is not a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.

A review of the many authorities in this state on the question of what orders may be made the basis for appeal on questions of law to this court, would be but a repetition of what has already been done by other reviewing courts of this state. Suffice it to say that a comprehensive citation of cases is made in *Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221; and in such list of cases we find none in which the Supreme Court or the Court of Appeals found that there was abuse of discretion on the part of the trial court in granting a motion for a new trial, filed at the same term, except the single case of *Webster* v. *Pullman Co.,* 51 Ohio App., 131, 200 N. E., 188, where, as pointed out by this court in *Levin* v. *Jacoby Bros., Inc.,* 55

Ohio App., 16, 8 N. E. (2d), 578, rank misconduct was treated as abuse of discretion.

We have, however, exercised our jurisdiction in the instant case to the extent of determining whether or not there was any abuse of discretion by the trial court in granting the motion to set aside the judgment and grant a new trial, and we find none.

We therefore grant the motion of the defendant and dismiss the appeal of the plaintiff on jurisdictional grounds.

Directing our attention now to the appeal of the defendant from the judgment for the plaintiff on the second cause of action, we are of the opinion that, whatever defense the plaintiff might have had because of his insolvency and the solvency of the wife's estate to a direct action against him for debts contracted for the wife's last illness, the fact that the expenses were actually paid by the plaintiff precludes him from a subsequent recovery against the wife's estate, because he has voluntarily paid a claim for which he was primarily liable; and this is especially so in the instant case, where the evidence discloses without dispute that the liabilities incurred for the last illness were all voluntarily paid by the plaintiff prior to the death of his wife.

The appeal of the plaintiff is dismissed; and on the appeal of the defendant, the judgment is reversed and final judgment rendered for the defendant on the second cause of action.

*Appeal dismissed.*
*Judgment reversed.*

WASHBURN, P. J., and STEVENS, J., concur.