IN RE GRANT.

(Nos. 36697 and 36735—Decided March 23, 1978.)

*Mr. Daniel A. Cook,* for appellee.
*Mr. Herbert A. Adrine,* for appellant Georgia Ella Robinson.
*Mr. James W. Barnhouse,* for appellant Buckeye Union Insurance Company.

KRENZLER, P. J. This case involves three parties: appellant Georgia Ella Robinson, the administratrix of the estate of Ulysses A. Grant, hereinafter referred to as the administratrix; appellant Buckeye Union Insurance Company, surety on the bond of the administratrix, herein-

after referred to as Buckeye; and appellee The Lorain National Bank, the plaintiff below, hereinafter referred to as the appellee or Lorain.

The record before us reveals the following chronology of events. On July 27, 1972, after filing an application for letters of administration, Georgia Ella Robinson was appointed administratrix of the estate of Ulysses A. Grant, who died on July 23, 1972, a resident of Cuyahoga County. On October 6, 1972, the appellee Lorain National Bank timely presented[1] a proof of claim to the administratrix with regard to three promissory notes payable to the appellee, signed by the decedent and totaling $4,072.20. The proof of claim was not acted upon until it was rejected on November 29, 1973.

On September 14, 1973, the administratrix filed a final account showing distribution to herself as sole heir for the sum of $5,525.86. No provision is shown in this final account for the payment of the appellee's claim. On October 19, 1973, the appellee filed exceptions to the final account on the ground that the administratrix failed to pay its claim for $4,072.20, the amount due on the three promissory notes. A hearing was held by the Cuyahoga County Probate Court on November 20, 1973, on the exceptions to the final account and the court continued the matter until further order. The record does not contain a transcript of this hearing or a journal entry approving the final account.

Subsequently, after filing the final account, the admin-

[1]R. C. 2117.06 as applicable to estates of decedents dying prior to January 1, 1976, provided in part as follows:

"All creditors having claims against an estate shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator * * *. In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims except tax assessment claims within thirty days after their presentation; provided that failure of the executor or administrator to allow or reject within said time shall not prevent him from doing so thereafter nor shall it prejudice the rights of any claimant.

istratrix formally rejected the appellee's claim on November 29, 1973. The next transaction in the record, relevant to this appeal, is an application to pay a judgment filed by the appellee, Lorain, against the administratrix and her surety, Buckeye, pursuant to R. C. 2109.59, in the Probate Court of Cuyahoga County on August 27, 1975. In the application the appellee asserted that it had duly recovered a judgment against the administratrix in the Lorain County Court of Common Pleas for the sums of $1,-818.50 plus interest at the rate of six percent per annum from November 15, 1970, $1,422.60 plus interest at the rate of six percent per annum from May 19, 1970, and $831.10 plus interest at the rate of six percent per annum from July 7, 1971. The appellee further asserted that it had made repeated demands upon the administratrix to pay this judgment and that, as of the date of the application, she had refused to pay the claim. The appellee requested that the court render judgment against the administratrix and the surety for the sums indicated in the application.

A hearing on the application was held before a referee on October 28, 1975. On April 2, 1976, a report and opinion of the referee was filed with the court which included the following findings of fact and conclusions of law: that all parties in interest, including Buckeye, had voluntarily appeared in person or through counsel; that the only defense made by the administratrix was that the Common Pleas Court in Lorain County had no jurisdiction to hear the matter before that court; that the administratrix at no time appealed the judgment entry made by the Lorain County Common Pleas Court; that the Probate Court of Cuyahoga County could enter a judgment against Buckeye as surety for the administratrix under the authority of R. C. 2109.59; that Buckeye made an appearance at the hearing, filed a brief and was a party to the hearing; that the administratrix wrongfully paid and converted to herself the balance of the funds before paying the creditors; and that the administratrix having wrongfully committed these funds to herself, her surety is liable to the extent of the

money wrongfully converted. The referee concluded and ordered that the administratrix pay to the creditors the sums converted to her use at the rate of 6 percent interest and concluded that the surety, Buckeye, is bound to pay the creditors if the administratrix is unable.

Buckeye filed timely objections to the report of the referee. On June 7, 1976, the Probate Court filed a journal entry in which it found that the report and opinion of the referee was proper in its conclusions of law and findings of fact. The court made additional findings relating to the specific amounts due on each of the three promissory notes. The court also made the additional finding that the fiduciary received in distribution from the estate the sum of $8,340.99 as indicated by the final account which had not yet been approved by the court. The probate judge also filed a memorandum of opinion in which he confirmed the propriety of the referee's judgment in behalf of the appellee against the administratrix and against Buckeye for the amounts indicated above.

The administratrix and Buckeye filed timely notices of appeal. The administratrix, Robinson, assigns the following errors:

"I. Finding of facts and the affirmance thereon are contrary to law.

"II That the exceptions originally filed in the court of original jurisdiction have not been heard and concluded.

"III. That the Claim of Lorain National Bank was not properly before the court."

Buckeye's assignment of error is as follows:

"The Probate Court does not have authority to enter a judgment against an administratrix's surety, concurrently with a judgment against the administratrix, and at the same hearing."

We will consider the administratrix's three assignments of error first. The first and second assignments of error will be considered together since the administratrix offers a single argument in support of them. App. R. 12(A). These two assignments of error challenge the lawfulness of the judgment entered by the Probate Court on the

ground that the Lorain County Common Pleas Court lacked jurisdiction to enter judgment in behalf of the appellee because the administration of the decedent's estate was still pending in the Cuyahoga County Probate Court. This assignment of error is without merit.

As noted previously, under the provisions of R. C. 2117.06 effective at the time of the decedent's death, creditors' claims against the decedent's estate were required to be filed within four months after the date of the appointment of the administrator.[2] With regard to rejected claims, R. C. 2117.12 provides in part as follows:

"When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon. If the executor or administrator dies, resigns, or is removed within such two months' period and before action is commenced thereon, the action may be commenced within two months after the appointment of a successor."

It is clear, then, that the four prerequisites to commencing an action on a creditor's claim against a decedent's estate pursuant to the provisions of R. C. 2117.12 are that there have been a timely presentment of the creditor's claim in accordance with R. C. 2117.06, that the administrator have rejected the claim, that the matter not have been referred to a referee, and that the creditor commence the action on the claim within two months of rejection.

The record before us indicates that these statutory prerequisites were met by the appellee. Its claim was timely presented, it was subsequently formally rejected, and there is no indication in the record that the rejected claim

---

[2] See note 1, *supra.*

was referred to a referee. We note that the appellee filed exceptions to the final account prior to commencing its action on the claim in the Lorain Common Pleas Court. It does not appear from the record, however, that these exceptions were referred to a referee. It further appears that this action of filing exceptions was necessitated by the failure of the administratrix to allow or reject the claim within thirty days as is required by R. C. 2117.06. The record also indicates that the appellee timely commenced its action in the Lorain County Court of Common Pleas on its claim within two months after the claim was rejected by the administratrix. Therefore, the appellee met all of the statutory "time" requirements.

Further, a creditor is not barred from pursuing its claim in the Court of Common Pleas, even though the administration of the estate is still pending, so long as the claim has been rejected by the administrator. See *Schroyer* v. *Hopewood* (1940), 65 Ohio App. 443; *Pfeiffer* v. *Sheffield* (1940), 64 Ohio App. 1. In fact, had the appellee failed to commence its action within the statutory period of R. C. 2117.12, it would have been forever barred by this section from maintaining an action on its claim. See *In Re Rettig* (1964), 35 Ohio Ops. 2d 141.

We conclude that the Lorain County Court of Common Pleas had jurisdiction to render judgment against the administratrix. The first and second assignments of error are overruled.

In her third assignment of error the administratrix challenges the judgment below of the Cuyahoga County Probate Court on the ground that the prior judgment obtained by the appellee in Lorain County Court of Common Pleas was invalid because of improper venue. The administratrix argues that proper venue was only in Cuyahoga County. This assignment of error is without merit.

Civil Rule 3(B) provides that "[p]roper venue lies in any or more of the following counties * * *

"(6) The county in which all or a part of the claim for relief arose; * * *

"(8) In an action against an executor, administrator,

guardian, or trustee, in the county in which he was appointed; * * *."

According to the rule the appellee could have commenced its action against the administratrix in *either* Lorain County where the claim for relief arose, Civ. R. 3 (B)(6), *or* in Cuyahoga County where the administratrix was appointed. Civ. R. 3(B)(8). *Varketta* v. *General Motors Corp.* (1973), 34 Ohio App. 2d 1; *contra, State* v. *Licsak* (1974), 41 Ohio App. 2d 165. Therefore, venue was proper in Lorain County where the appellee chose to commence the action.

Furthermore, subject to the provisions of paragraph (G) of Civil Rule 3, the administratrix may not collaterally attack the judgment of the Lorain County Court of Common Pleas on the ground that venue was improper. That paragraph provides as follows:

"(G) Venue: collateral attack; appeal. The provisions of this rule relate to venue and are not jurisdictional. No order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue."

The proper remedy for the administratrix was to challenge the issue of venue by way of appeal of the judgment of the Lorain County Court of Common Pleas. The record does not reveal that the judgment was successfully appealed. The third assignment of error of the administratrix is overruled.

The judgment of the Lorain County Court of Common Pleas is valid and enforceable against the administratrix.

We will next consider the assignment of error raised by Buckeye which alleges that the Probate Court does not have authority to enter a judgment against an administratrix's surety, concurrently with a judgment against the administratrix, and at the same hearing.

Buckeye contends that the Probate Court of Cuyahoga County lacked authority to enter a judgment against it as the surety on the bond of the fiduciary because: (1) a

prior determination of the administratrix's liability and wrong-doing had not been made and (2) Buckeye was not a proper party to the action in Probate Court because it did not voluntarily appear and defend but appeared only for the special purpose of filing a motion to dismiss the action against it on the ground that the probate court lacked jurisdiction to enter a judgment against it as surety. This assignment of error is without merit.

The action brought against Buckeye in the Probate Court is expressly authorized by R. C. 2109.59 which provides in relevant part as follows:

"If a fiduciary, upon demand, refuses or neglects to pay any creditor whose claim has been allowed by the fiduciary and not subsequently rejected or to pay any creditor or make distribution to any person interested in the estate whose claim or interest has been established by judgment, decree, or order of court, including an order of distribution, such creditor or other person may file a petition against the fiduciary in the probate court from which the fiduciary received his appointment to enforce such payment or distribution, briefly setting forth therein the amount and nature of his claim or interest. * * *

"In any such proceeding the sureties on the bond of the fiduciary, if made parties thereto, may make any defense that the fiduciary could make and the court may render such judgment or make such order with respect to the sureties as may be proper."

Pursuant to this statute a judgment creditor may file a petition against the fiduciary in the Probate Court where the fiduciary received his appointment and may also join the surety on the bond of the fiduciary in that action. R. C. 2109.59 does not require a prior determination of the fiduciary's liability as a prerequisite to joining the surety as a party defendant to the complaint. The language of the statute permits a creditor to commence a joint action against both the fiduciary and the surety.

Naturally, whether or not a proper and enforceable judgment may be entered against the surety depends upon whether the Probate Court finds the fiduciary liable.

Without such a finding of the fiduciary's liability the surety cannot be held liable. If such a finding of liability is made by the court, however, then judgment may be entered against the surety.

The surety, Buckeye, in the instant case relies upon R. C. 2109.61 and two prior unreported decisions of this court in support of its argument that the Probate Court lacked authority to enter a judgment against the surety. R. C. 2109.61 provides as follows:

"An action may be prosecuted on the bond of a fiduciary against any one or more of the obligors thereof by any person who has been injured by reason of the breach of any condition of the bond. Such action shall be prosecuted for the benefit of all persons who are interested in the estate and who have been similarly injured. Any such person or any obligor on the bond who is not already a party to the action may intervene therein or be made a party thereto by supplemental, amended, or crosspetition.

"If a surety on the bond of a fiduciary is not made a party to an action or proceeding against such fiduciary, the fact that a judgment was rendered or an order was entered against the fiduciary shall constitute only prima-facie evidence of the justice and validity of the claim in an action subsequently brought against the sureties on the bond of the fiduciary."

Buckeye asserts that the phrase in the first paragraph of this section, "breach of any condition of the bond" requires that a prior determination of the fiduciary's liability be made in a separate action before an action can be commenced against the surety. We disagree. R. C. 2109.61 is not applicable in the present case and even if it were, it would not present a bar to the commencement of a joint action in the Probate Court against the fiduciary and the surety even though there had been no determination of the fiduciary's liability prior to the commencement of the action.

R. C. 2109.61 provides a broad remedy to *any person* who has been injured by reason of the breach of *any* condition of the bond of the fiduciary. The statute expressly

authorizes an action against the surety and the clear implication of the language of the second paragraph of the statute is that a joint action may be commenced against the fiduciary and the surety for a breach of any condition of the bond. It is true that the Probate Court may not enter a binding judgment against a surety that was neither made a party to the action against the fiduciary nor voluntarily appeared and defended against the action. Furthermore, if the fiduciary is not made a party to the action on the bond then a binding judgment may not be entered against the surety absent a prior determination of the fiduciary's liability. But these are not the facts in the instant case.

The action in the present case is specifically authorized by R. C. 2109.59 which provides a distinct remedy for judgment creditors whose claims are rejected by the fiduciary. Pursuant to this statute a judgment creditor may commence an action in probate court against the fiduciary and may join the surety on the bond of the fiduciary as a party to the action.

The two unpublished decisions of this court relied upon by Buckeye in contesting the judgment in the Probate Court are not controlling in the instant case but are distinguishable on two grounds. First, they involved judgments entered by the Probate Court following a hearing on exceptions to a final account filed by the fiduciary rather than judgments entered under the authority of R. C. 2109.59 pursuant to an action for payment by a judgment creditor as occurred in the instant case.

Second, in the cases cited by Buckeye the surety was not named as a party in a complaint. Therefore, this court held that judgment could be entered against the surety only where the surety voluntarily appeared and defended. In the instant case, however, the surety was properly made a party to the action under R. C. 2109.59.

It is our holding that under R. C. 2109.59 the Probate Court may enter a judgment against a surety on the bond of a fiduciary on behalf of a judgment creditor whose claim has been wrongfully rejected by the fiduciary where

the surety is made a party to the action by being named as a party in the creditor's complaint and the court finds the fiduciary liable for the claim.

It is our conclusion, then, that the judgment entered against Buckeye as surety on the bond of the administratrix was proper and valid and the Probate Court had authority to enter such judgment. The record indicates that Buckeye was properly made a party to the appellee's application for payment of its judgment; that the judgment obtained in the Lorain County Common Pleas Court was enforceable against the administratrix; and that the Probate Court found the administratrix liable for wrongdoing. The error assigned by Buckeye is overruled.

The judgment of the trial court in behalf of Lorain National Bank and against Georgia Ella Robinson and Buckeye Union Insurance Company is affirmed.

*Judgment affirmed.*

STILLMAN and WASSERMAN, JJ., concur.

WASSERMAN, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.