[Cite as *Harris v. Harris*, 2014-Ohio-2494.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| RONALD WOODSON HARRIS | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2013 CA 00199 |
| ANGELA L. HARRIS | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 218771


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 9, 2014


APPEARANCES:

For Plaintiff-Appellant

JAMES D. OWEN
CHARLES A. KOENIG
THE OWEN FIRM
5354 North High Street
Columbus, Ohio 43214

For Defendant-Appellee

ANTHONY E. BROWN
DONALD P. WILEY
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720

*Wise, J.*

{¶1} Appellant Ronald Woodson Harris appeals the September 5, 2013, decision of the Stark County Common Pleas Court, Probate Division, granting Appellee's motion to dismiss Appellant's complaint for declaratory judgment.

### STATEMENT OF THE FACTS AND CASE

{¶2} This case actually involves four separate cases that have been filed in the Stark County Court of Common Pleas, all of which arise out of a family dispute concerning the Last Will and Testament of Willie Harris, deceased, and the ownership and distribution of land that is being administered in his estate. Appellant, Ronald Woodson Harris, is the natural born son of the decedent from the decedent's first marriage. Appellee Angela Harris is the second wife of the decedent. The Last Will and Testament of Willie Harris which was filed with the Probate Court bequeathed the subject land to her.

{¶3} On January 11, 2012, the Last Will and Testament of Willie Harris was filed in the Stark County Probate Court, Case Number 213800.

{¶4} On June 21, 2012, Appellant filed a will contest action with the Stark County Probate Court, Case Number 215102. Appellant, in this action, alleged that the Will was fraudulently signed and that it was the product of undue influence. The trial of that case has been continued a number of times and is currently set for trial to commence on July 30, 2014.

{¶5} Appellant also made a claim against the estate for the land in dispute. When that claim was rejected, Appellant filed a complaint for declaratory judgment on

August 13, 2012, in the Stark County Court of Common Pleas General Division, Case No. 2012 CV 02555.

**{¶6}**   On August 30, 2013, Appellant filed the subject litigation in the Stark County Probate Court in Case Number 218771. The allegations of this complaint mirror those of the complaint filed in the General Division case.

**{¶7}**   On September 4, 2013, Appellee filed a motion to dismiss Appellant's Complaint.

**{¶8}**   On September 5, 2013, the Probate Court granted the motion to dismiss.

**{¶9}**   On February 25 and 26, 2014, Case No. 212 CV 0255 proceeded to trial in the Stark County Court of Common Pleas, General Division.  The trial court (General Division) issued it Judgment Entry, Findings of Fact and Conclusions of Law on May 15, 2014.

**{¶10}** Appellant now appeals the September 5, 2013, decision of the Stark County Probate Court granting Appellee's motion to dismiss his Complaint, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶11}** "I. THE STARK COUNTY PROBATE COURT MAY HAVE ERRED WHEN IT CONCLUDED THAT IT LACKED SUBJECT MATER JURISDICTION OVER THIS CASE AND IT CERTAINLY ERRED IN HOW IT REACHED THAT CONCLUSION BECAUSE IT FOCUSED ON ITS BELIEF THAT THIS SUIT IS A "QUIET TITLE ACTION" RATHER THAN HOW THIS SUIT AROSE AND WHETHER IT "AR[O]S[E] IN THE ADMINISTRATION OF THE ESTATE …."

**I.**

{¶12}  In his sole Assignment of Error, Appellant argues that the trial court erred in dismissing his complaint for lack of jurisdiction.  We disagree.

{¶13}  The Probate Court in its September 5, 2013, Judgment Entry dismissing Appellant's Complaint, found that Appellant's complaint sought a declaration as to ownership of certain real property, and that Appellant had previously filed an identical action in the General Division of the Stark County Common Pleas Court.  The trial court then went on to find that R.C. §2101.24 does not authorize the Probate Court to hear and decide a quiet title action already pending in another court.

{¶14}  The Supreme Court of Ohio has held, "[t]he probate court is a court of limited jurisdiction. The court has only that jurisdiction which is granted by statute and by Constitution." *Zuendel v. Zuendel* (1992), 63 Ohio St.3d 733, 735, 590 N.E.2d 1260, citing *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708. In addition, the court held, "a probate court does not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract providing for a division of the testator's estate different from that provided in the will. Such contracts are not directly related to the administration of the testator's estate." *Id.* at syllabus.

{¶15}  "A probate court lacks subject matter jurisdiction to enter an order adjudicating a claim against an estate where that claim has been rejected by the estate. The only remedy for the claimant in such a case is an action in a court of general jurisdiction." *In re Estate of Vitelli* (1996), 110 Ohio App.3d 181, 183-184, 673 N.E.2d 948, citing 33 Ohio Jurisprudence 3d (1982 and 1995 Supp.), Decedents' Estates, Section 1574; *State ex rel. Fulton v. Coburn* (1938), 133 Ohio St. 192, 12 N.E.2d 471; *In*

*re Estate of Buchanan* (1948), 82 Ohio App. 240, 242, 81 N.E.2d 409; ("The Probate Court is without authority to determine the merits of a claim that has been rejected by a fiduciary in compliance with the present statutes."); *Schroyer v. Hopwood* (1940), 65 Ohio App. 443, 30 N.E.2d 440; *Jones v. Green* (1901), 11 Ohio C.D. 548, 21 Ohio C.C. 96; *In re Estate of Taylor* (1970), 23 Ohio Misc. 142, 143, 254 N.E.2d 925; ("The adjudication of a creditor's claim which has been rejected is not within the jurisdiction of the Probate Court but must be litigated in a court of general jurisdiction which has power to render a money judgment."); *In re Estate of Smith* (P.C.1952), 120 N.E.2d 632, 67 Ohio Law Abs. 409; and *Flax v. Oppenheimer* (C.P.1938), 27 Ohio Law Abs. 17, 12 O.O. 48.

**{¶16}** Here, Appellant filed a claim pursuant to R.C. §2117.06 with the Probate Court claiming a one-half interest in the property. The estate rejected Appellant's claim pursuant to R.C. §2117.11. Therefore, Appellant's sole remedy was to commence an action on the claim pursuant to R.C. §2117.12. This section does not specify in which court such an action is to be filed, however, a review of case law indicates this action is to be filed in the general division of the court of common pleas. This Court has held, "[a]lthough R.C. 2117.12 does not specifically direct a rejected claimant to the common pleas court, case law * * * leads us to that conclusion." *In re Estate of Long* (June 1, 1992), 5th Dist. No. CA-8767, citing *Mainline Constr. Co. v. Warren* (1967), 11 Misc. 233, 235; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 488 N.E.2d 210; and *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 385 N.E.2d 638.

**{¶17}** Similarly, the Ninth Appellate District has held, "[a]lthough R.C. 2117.12 does not expressly state in which court an action on a rejected claim must be brought,

the case law in Ohio clearly holds that such action is a civil action properly brought in a court of general jurisdiction, not in the probate division." *Palmentera v. Marino* (Mar. 27, 1996), 9th Dist. No. 17430, citing *In re Grant* (1978), 56 Ohio App.2d 207, 212, 381 N.E.2d 1348; *Schroyer v. Hopwood, supra*; *Pfeiffer v. Sheffield* (1940), 64 Ohio App. 1, 4, 27 N.E.2d 494; *Jones v. Green, supra*; *In re Estate of Taylor, supra*; *Mainline Constr. Co. v. Warren, supra*, at 235; *In re Estate of Long, supra*; *State ex rel. Fulton v. Coburn, supra*; and *In re Estate of Buchanan, supra*.

{¶18} Although couched in terms of breach of contract and quantum meruit, Appellant's Complaints challenge the ownership of the property, the same claim that was rejected by the Probate Court.  As such, we find that the Genera Division has exclusive jurisdiction over said action.

{¶19} We would also note that the action in the General Division has been tried and decided, and neither party raised a jurisdictional challenge therein.

{¶20} Appellant's sole Assignment of Error is overruled.

{¶21} For the foregoing reasons, the decision of the Court of Common Pleas, Probate Division of Stark County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Gwin, J., concur.

_____

JWW/d 0604