[Cite as *G.H. Bldg., L.L.C. v. Breving*, 2024-Ohio-6041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |  |
|---|---|---|---|
| G. H. BUILDING LLC, | : | APPEAL NO. | C-240182 |
|  |  | TRIAL NO. | 23CV05415 |
| Plaintiff-Appellant, | : |  |  |
| vs. | : |  |  |
| ANDREW BREVING, Personally, and in his Capacity as Executor of the Estate of Thomas B. Breving, | : | *O P I N I O N* |  |
|  | : |  |  |
| Defendant-Appellee. | : |  |  |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 27, 2024

*William D. Bell, Sr.*, for Plaintiff-Appellant,

*Ashbrook Byrne Kresge LLC* and *Chris-John Bosch*, for Defendant-Appellee.

**WINKLER, Judge.**

**{¶1}** Plaintiff-appellant G. H. Building LLC ("G. H. Building") appeals the judgment of the trial court granting summary judgment in favor of defendant-appellee Andrew Breving, executor of the estate of his late father, Thomas Breving. For the reasons set forth below, we affirm the trial court's judgment in part, reverse it in part, and remand the cause for further proceedings.

## I. Factual and Procedural History

**{¶2}** Thomas Breving died in June 2022, and his son, Andrew Breving, became executor of the estate. Thomas's estate included a residential property at Overbrook Place. Thomas's estate also included the entire membership interest of 2500 Water LLC, which owned a commercial property on Tennessee Avenue. Before his death, Thomas had hired G. H. Building to perform work at the Overbrook Place property and at the commercial property.

**{¶3}** According to Andrew, he reached out to G. H. Building shortly after his father's death regarding any claims against the estate, and G. H. Building sent Andrew an invoice for $6,506.96. On July 18, 2022, G. H. Building recorded two mechanic's liens, one against the Overbrook Place property for $4,015, and one against the Tennessee Avenue property for $11,430. When Andrew learned of the mechanic's liens, he allegedly sought to release the liens by entering into a settlement with G. H. Building for $2,250. Andrew sent a cashier's check to G. H. Building, but G. H. Building never cashed the check.

**{¶4}** On October 9, 2022, G. H. Building signed releases for both mechanic's liens. Nevertheless, on October 26, 2022, G. H. Building filed a claim against the Breving estate in probate court, which alleged that the estate owed G. H. Building $5,398.11 for work provided at the Tennessee Avenue property and $4,415.60 for the

Overbrook Place property, for a total of $9,813.71. Subsequently, a release of the mechanic's lien on the Overbrook Place property was recorded on November 3, 2022, and a release for the Tennessee Avenue property was recorded on November 7, 2022, with the Hamilton County Recorder's Office.

{¶5} On December 5, 2022, according to Andrew, his counsel sent a notice of the rejected probate claim to G. H. Building, via registered mail return receipt requested, which the post office then returned as unclaimed. Andrew's counsel then sent notice of the rejected claim to G. H. Building via ordinary mail on January 3, 2023. G. H. Building allegedly received the notice of rejection on January 9, 2023.

{¶6} In March 2023, G. H. Building filed the instant complaint in Hamilton County Municipal Court against Andrew for the rejected probate claim in the amount of $9,814.71, and $4,015 related to the mechanic's lien on the Overbrook Place property.

{¶7} Andrew filed a motion for summary judgment. Andrew argued that G. H. Building failed to follow the proper procedures to notify the estate of the mechanic's liens. According to Andrew, the estate did not receive notice of either lien. Andrew also argued that the Overbrook Place property had been sold to another owner. Finally, Andrew argued that the estate had reached a settlement agreement with G. H. Building with respect to the liens, and that G. H. Building failed to abide by the settlement terms and refused to cash the settlement check. With respect to the rejected probate claim, Andrew argued that the invoices predated the filing of the mechanic's liens and were therefore part of the settlement. Moreover, Andrew argued that G. H. Building's invoice with respect to the commercial property related to work performed for a third-party business, which leased the Tennessee Avenue property. Finally, Andrew argued that G. H. Building's instant suit fell outside the 60-day statute of limitations for

rejected claims against a decedent's estate.

{¶8} G. H. Building responded to Andrew's summary-judgment motion, arguing that the mechanic's liens had been released fraudulently and that G. H. Building only provided copies of the lien releases to Andrew, not the originals. G. H. Building also argued that the mechanic's liens did not cover all amounts owed to it by the decedent's estate. G. H. Building submitted an affidavit from its managing member, Roger Wright, to support its allegations, but G. H. Building filed the affidavit a few days after its response, and after Andrew had filed a reply pointing out the absence of an affidavit in G. H. Building's response.

{¶9} The trial court granted Andrew's summary-judgment motion, determining that G. H. Building failed to dispute Andrew's assertion that he did not receive proper notice of the mechanic's lien filings. The trial court also determined that the Breving estate no longer had any ownership interest in the Tennessee Avenue property.

{¶10} G. H. Building appeals.

## II.    Analysis

{¶11} In four assignments of error, G. H. Building challenges the trial court's grant of summary judgment in favor of Andrew.

{¶12} By way of background, G. H. Building filed the instant complaint after receiving notice of a rejected claim from Andrew in the probate court. R.C. 2117.12 provides in relevant part:

> When a claim against an estate has been rejected in whole or in part[,]
>
> the claimant must commence an action on the claim, or that part of the
>
> claim that was rejected, within two months after the rejection if the debt
>
> or that part of the debt that was rejected is then due, or within two

4

months after that debt or part of the debt that was rejected becomes due,

or be forever barred from maintaining an action on the claim or part of

the claim that was rejected.

"'R.C. 2117.12 does not expressly state in which court an action on a rejected claim must be brought, [however,] the case law in Ohio clearly holds that such action is a civil action properly brought in a court of general jurisdiction, not in the probate division.'" *Harris v. Harris*, 2014-Ohio-2494, 17 (5th Dist.), quoting *Palmentera v. Marino*, 1996 Ohio App. LEXIS 1129 (9th Dist. Mar. 27, 1996).

**{¶13}** An appellate court reviews a trial court's summary-judgment ruling de novo. *Weckel v. Cole + Russell Architects, Inc.*, 2024-Ohio-5111, ¶ 33 (1st Dist.). Summary judgment is appropriate where:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2)

the moving party is entitled to judgment as a matter of law; and (3) it

appears from the evidence that reasonable minds can come to but one

conclusion, and viewing such evidence most strongly in favor of the

party against whom the motion for summary judgment is made, that

conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

### A. The Mechanic's Lien Has Been Extinguished

**{¶14}** In G. H. Building's first assignment of error, it argues that the trial court erred when it determined that the mechanic's lien on the Overbrook Place property had been released. Relatedly, in G. H. Building's second assignment of error, it argues that the trial court erred when it determined that G. H. Building did not follow the statutory procedure under Ohio's mechanic-lien statutes to notify Andrew of the mechanic's lien.

{¶15} G. H. Building essentially argues that Andrew acted fraudulently in causing the mechanic's lien to be released by filing copies of the releases. However, G. H. Building's complaint only references the mechanic's lien with respect to the Overbrook Place property—not the Tennessee Avenue property. The uncontroverted evidence shows that the property on Overbrook Place has been sold to a third-party purchaser, and Andrew no longer controls the property. Therefore, the mechanic's lien on the Overbrook Place property is extinguished, any issues related directly to the mechanic's lien on the Overbrook Place property are moot. *See Mollohan v. Court Dev., Inc.*, 2005-Ohio-2149, ¶ 12 (9th Dist.) (a mechanic's lien is extinguished where the property is sold to a bona fide purchaser without notice of lien).

{¶16} We overrule G. H. Building's first and second assignments of error.

### B. Summary Judgment is Not Proper on the Rejected Probate Claim

{¶17} We address G. H. Building's fourth assignment of error next in which it argues that the trial court erred in granting summary judgment.

{¶18} As to G. H. Building's mechanic's-lien claim on the Overbrook Place property, the lien itself has been extinguished, as stated above. Moreover, Wright's affidavit fails to shed light on how the invoices submitted to Andrew in the probate case are separate from the $4,015 allegedly owed to G. H. Building for the now-released Overbrook Place property mechanic's lien. Therefore, the trial court did not err in granting summary judgment in favor of Andrew with respect to the mechanic's-lien claim.

{¶19} As to the rejected probate claim, Andrew argues that G. H. Building's claims should have been dismissed by the trial court as untimely under R.C. 2117.12. In his motion for summary judgment, Andrew argues that G. H. Building failed to bring its claims within two months as required by R.C. 2117.12. The evidence shows

that Andrew mailed a written notice of rejected claim on January 3, 2023, and G. H. Building argues that it was received on January 9, 2023. The docket reflects that G. H. Building filed its complaint on March 13, 2023, but G. H. Building asserts that it was actually filed on March 10, 2023, a Friday, and that the clerk's office did not file stamp the complaint as received until the following Monday. The trial court determined that G. H. Building's assertion was credible given "the Clerk of Courts' procedures." Andrew disputes G. H. Building's argument that it received the notice of rejection on January 9, 2023, because the rejection notice only needed to travel less than 25 miles via the post office. Wright claims in his affidavit that he filed his complaint in a timely manner, so Andrew is essentially asking the court to determine that Wright is not being truthful, which is a credibility determination that is not appropriate at the summary-judgment stage. *See Hartung v. Agarwal-Antal*, 2020-Ohio-1016, ¶ 9 (9th Dist.).

{¶20} In sum, Wright asserts in his affidavit that G. H. Building has not been paid the money owed to it by the Breving estate. Andrew does not dispute that the estate owes money to G. H. Building, but he disputes the amount owed and alleges that the parties agreed to settle the matter. The trial court determined any evidence as to the parties' alleged settlement was inadmissible, and Andrew fails to argue how the trial court erred in that regard. Therefore, a genuine issue of material fact remains as to the amount owed to G. H. Building by the Breving estate on G. H. Building's claim that Andrew wrongfully rejected G. H. Building's probate claim in the amount of $9,814.71.

{¶21} We sustain G. H. Building's fourth assignment of error in so far as a genuine issue of material fact exists as to the amount owed under G. H.'s Building's rejected probate claim.

7

### C. Time for Filing of Complaint

**{¶22}** In its third assignment of error, G. H. Building argues that the trial court erred when it determined that the issue related to the time for filing the complaint was moot. As stated above, the trial court's decision reflects that the trial court actually determined the timeliness-of-the-complaint issue in favor of G. H. Building. Therefore, because any error did not prejudice G. H. Building, we overrule the third assignment of error.

### III. Conclusion

**{¶23}** Because an issue of fact remains as to whether Andrew wrongfully rejected G. H. Building's probate claim in the amount of $9,814.71, we reverse the trial court's grant of summary judgment as to the rejected probate claim and remand this cause for further proceedings on this claim. In all other respects, we affirm the trial court's judgment.

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.