## INTEREST OF ASSIGNEE OF AN INSURANCE POLICY.

Court of Appeals for Hamilton County.

HORACE W. HARMEYER v. THE POSTAL LIFE INSURANCE CO.*

Decided, April 10, 1914.

*Life Insurance—Determination as to the Interest of an Assignee in a Policy of Insurance.*

Under the assignment of a life insurance policy, set out in the opinion, the assignee is entitled to recover out of the proceeds only the amount of his insurable interest.

*Charles C. Kearns* and *Thos. L. Michie,* for plaintiff in error.
*Frank H. Kunkel,* contra.

SWING, J.; O. B. JONES, J., and E. H. JONES, J., concur.

This is an action in this court on error to the judgment of the Superior Court of Cincinnati. The action arose out of a policy of insurance issued by the Postal Life Insurance Company on the life of Adolph Schmidt. The life insurance company filed its petition in said court setting forth the policy and stating the amount due on the policy and brought the money into court making Carrie Schmidt, administratrix of Adolph Schmidt, deceased, and Horace W. Harmeyer defendants, alleging that both parties claim the proceeds of said policy.

Harmeyer and Schmidt both filed answers, each claiming to be entitled to the proceeds of said policy, excepting from it the amount paid by said Harmeyer, which was admitted by Mrs. Schmidt as being due to said Harmeyer, having been paid by him on said policy during its continuance.

Plaintiff below pleads that Schmidt took out a policy for $5,000 on his life, in the Provident Savings Life Assurance Society of New York on the 27th day of April, 1896, and that he continued to pay the annual premiums on same until the

---

*Affirming *Postal Life Insurance Co.* v. *Harmeyer,* 15 N.P.(N.S.), 476; see also opinion on page 297; writ of *certiorari* applied for and refused by the Supreme Court June 9, 1914.

22d day of April, 1911, when he assigned said policy to Horace W. Harmeyer. The assignment is as follows:

"For value received I hereby assign and transfer unto Horace W. Harmeyer, No. 519 Main street, Room 208, Lincoln Inn Court, in the city of Cincinnati, state of Ohio, Policy of Insurance No. 76,203 issued by the Provident Savings Life Assurance Society of New York upon the life of Adolph F. Schmidt of Cincinnati, Ohio, and duly reinsured in the Postal Life Insurance Company, all dividends, benefits and advantages to be had or derived therefrom, subject to the conditions of the said policy and to the rules and regulations of the company, and subject and subordinate to any indebtedness to the company.

"It is expressly agreed that before any payment shall be made by virtue of this assignment, satisfactory proofs of the insurable interest of the assigned shall be furnished to the company, and the company shall not be liable for any sum in excess of such insurable interest.

"Witness my hand and seal, at Cincinnati, Ohio, this 22nd day of April, 1911.

"(Signed)    ADOLPH F. SCHMIDT."

The policy contained this provision:

"Any assignment of this policy must be in writing, and a duplicate thereof must be furnished the society. Any claim arising under an assignment shall be subject to satisfactory proof of insurable interest existing at the death of the insured or at the date of such claim, if prior thereto, and the society shall be liable to the assignee to the extent of that interest only; but the society will not assume any responsibility for the validity of an assignment."

On the back of the policy there was also written, at the same time, the following:

"CINCINNATI, O., April 22d, 1911.

"The consideration for which this agreement was made, having been fully paid and satisfied, I hereby relinquish all right, title and interest in Policy No. *76,203*, on the life of *Adolph F. Schmidt (and my estate as beneficiary) of Cincinnati, Ohio, as* provided by this agreement. *That said Horace W. Harmeyer, his heirs, assigns, becomes the beneficiary under said policy No. 76,203.*

"Witness my hand and seal on the day and date above mentioned.

"*Adolph F. Schmidt,* Assignee.
"Signed in the presence of *Edward L. Heckel,* Witness."

It being a printed form, with that part which is here italicized being inserted in ink on the original document.

As stated, Harmeyer by virtue of this assignment claimed to be the sole beneficiary, whereas Mrs. Schmidt claimed that he was entitled to receive only the amounts paid on said policy together with the interest accruing thereon.

Under these pleadings the case was tried in said court and the following judgment rendered:

"This cause coming on to be heard on the petition of the plaintiff, the answer and cross-petition of the defendant Horace W. Harmeyer, and Carrie Schmidt as administratrix of the estate of Adolph F. Schmidt, deceased, and the evidence, and the court being fully advised in the premises finds that the Provident Savings Life Assurance Society of New York issued a policy of insurance in the sum of five thousand ($5,000) dollars on the life of Adolph F. Schmidt, and that the plaintiff the Postal Life Insurance Company assumed the payment of said policy; that among other conditions in said policy it was provided that in the event said policy is assigned by the insured, that the company shall be liable to the assignee to the extent of that insurable interest only; that said policy was assigned by the insured to one Horace W. Harmeyer subject to the conditions of said policy, and to the rules and regulations of the company, and it was further agreed in the said assignment that before payment shall be made by virtue of the assignment satisfactory proofs of the insurable interest of the assignee shall be furnished to the company and the company shall not be liable for any sum in excess of such insurable interest.

"The court further find that the plaintiff deposited with the clerk of the court the sum of $4,533.19 which was the amount due under said policy after deducting an indebtedness of the insured in favor of said company.

"The court further find that the defendant Horace W. Harmeyer refused to furnish the plaintiff any testimony as to his insurable interest in the life of Adolph F. Schmidt, deceased, and that as a matter of fact the said Horace W. Harmeyer had no insurable interest in the life of Adolph F. Schmidt excepting as to the premiums and interest paid by him to the said company after said assignment of said policy by Adolph F. Schmidt to said Horace W. Harmeyer, which said premiums and interest are hereinafter referred to and ordered paid to said Horace W. Harmeyer.

"The court further finds that because of the conduct of the defendant Horace W. Harmeyer, through correspondence with the Insurance Department of New York and the Post Office Department at Washington, and through other acts whereby the plaintiff was being greatly injured, the said plaintiff was forced and did, as a matter of defense and protection to its interests, and in order to prevent further injury to its business, deposit said money with this court; that the depositing of said money under such circumstances did not constitute a waiver on the part of the company of the provision and terms of the policy providing that the said Horace W. Harmeyer shall establish his insurable interest in the life of Adolph Schmidt.

"The court further find on consideration of the answer and cross-petition of the defendant, Horace W. Harmeyer, that the said defendant Horace W. Harmeyer is not entitled to the entire fund deposited so as aforesaid with the clerk of this court; that the said defendant Horace W. Harmeyer is entitled to the premiums paid by him to said company, to-wit: April 22, 1911, $88.80; April 27, 1912, $88.80; April 27, 1913, $88.80; with interest thereon from said respective dates up to the date of this decree, amounting in all to $294.53, and the further sum of $72.75 interest paid by the said Horace W. Harmeyer on the loan of $485 obtained by Adolph F. Schmidt in his lifetime from the plaintiff with interest thereon to date amounting in all to $12.15, making a total of $379.43, which amount the clerk of the court is hereby ordered to pay to said Horace W. Harmeyer or to Thos. L. Michie, his attorney.

"And the court coming now to the consideration of the answer and cross-petition of the defendant, Carrie Schmidt, as administratrix of the estate of Adolph Schmidt, deceased, and the evidence, finds that the plaintiff was at all times and still is willing to pay the difference between the amount so found to be due to said Horace W. Harmeyer and the amount deposited with the clerk of this court to Carrie Schmidt, as administratrix of the estate of Adolph F. Schmidt, deceased, and the court doth now, therefore, order, adjudge and decree that the clerk of this court pay the balance of said fund remaining in his hands amounting to the sum of $4,153.76 to the said Carrie Schmidt as administratrix of the estate of Adolph F. Schmidt, deceased, or to Frank H. Kunkel, her attorney."

To which decree exception is taken in the following language:

"To the foregoing decree Horace W. Harmeyer, by his counsel, duly excepts, and gives notice of appeal to the Court of

Appeals of Hamilton County, Ohio, and the court hereby fixes the appeal bond at $1,000.''

No motion for new trial was filed, and no bill of exceptions was taken. The case is therefore before this court on the pleadings and the judgment entered.

At the conclusion of the argument in this court, the court announced that the judgment would be affirmed, without stating any reasons for the affirmance.

The legal question presented to us seems so clear that we hardly thought it necessary to consider the case further, or to give any reasons why the judgment should be affirmed.

The motion for re-hearing is now filed, and elaborate arguments have been presented to us, asking that the former judgment be set aside and judgment rendered for the defendant in error.

After giving the matter full consideration, we see no way by which we can reverse our former judgment. The issues were squarely made as to whether Harmeyer was entitled to the whole amount of the policy or whether he was limited to recovering the amount of his insurable interest. We are bound by the judgment that evidence was offered which would fully sustain the finding in favor of Mrs. Schmidt.

Judgment affirmed.