### DEVISE NOT RENDERED INEFFECTIVE BY IMPERFECT DEEDS COVERING SAME PROPERTY.

Court of Appeals for Morrow County.

T. B. MATEER, AS EXECUTOR OF THE ESTATE OF ELMER E. PRICE, DECEASED, ET AL, V. DAISY D. CROFT ET AL.

Decided, December 27, 1915.

*Wills—Ambiguities Latent and Patent—Where Intention of Testator is Clear—Devise Not Defeated by Execution of Deeds Covering Same Lands, Imperfectly Executed and Not Delivered.*

A specific devise of lands to the widow of the testator for life, with the remainder over to designated beneficiary, is not defeated on the ground of ambiguity by reason of the execution by the testator of deeds covering the same lands, where the said deeds were not executed in accordance with law and were not delivered to the grantees and there is no proof showing or tending to show that they were placed in escrow.

*T. B. Mateer* and *J. W. Barry*, for plaintiffs in error.
*J. C. Williamson* and *Benjamin Olds*, contra.

HOUCK, J.

This is a proceeding in error in which it is sought to reverse the judgment of the common pleas court of this county.

The plaintiffs below, the defendants in error, in a second amended petition, brought suit against the plaintiffs in error, the defendants below, alleging that certain language used in the last will and testament of Jacob L. Klinefelter, deceased, with reference to the disposal of the real estate of which he died seized, and a part of which is now claimed by Lillie E. Price as the surviving widow of Elmer E. Price, deceased, is ambiguous, and prays for a construction of same; also for an order and decree in partition for the real estate described in the petition.

The defendants below filed an answer, being in substance a general denial.

Two grounds of error are relied upon by plaintiffs in error:

1. That the court below erred in holding that the language of the will in question is ambiguous.

2. That the court erred in the admission of certain testimony.

Let us first determine whether or not the language in the will is or is not ambiguous. The provision of the will under consideration is as follows:

"I give and devise to my beloved wife in lieu of her dower the farm on which we now reside, and other lands in North Bloomfield township, containing in all about two hundred and fifteen acres, during her natural life, and all the stock, household goods, furniture, provisions and all other goods and chattels which may be thereon at my decease, during her natural life as aforesaid.

"I do hereby after the decease of myself and wife and my debts are paid, I desire the balance to be given to my grandson, Elmer E. Price."

By ambiguity we mean that the words are capable of more senses than one; that there is an indistinctness or uncertainty of meaning in the language used.

Ambiguities are of two kinds, patent and latent.

A patent ambiguity is one which appears on the face of the language or the instrument; that which occurs when the expressions of the language or instrument are so defective that a court which is obliged to place a construction upon it can not, placing itself in the situation of the one making it, ascertain therefrom his intention.

A latent ambiguity is one which does not appear on the face of the language used or the instrument being considered, or when the words apply equally to two or more different subjects or things.

We think that extrinsic evidence can not be used, and is not proper where the instrument or language upon its face shows no uncertainty of intention; but where it is insensible, unless this borrowed light is thrown upon it, the same may be resorted to in order to ascertain the intention of the one making the instrument.

From an examination of the words and language used by said testator can his intention be determined? We think so. If we give the words and language used therein the plain and common meaning applicable to same we think the claim that upon their face they are ambiguous and not of plain meaning is not well founded.

What meaning does the language convey? To us it seems clear, plain and explicit that the testator intended to and

thereby did convey the real estate in question and all his property described in said provision of the will to his wife, during her natural life, and after his decease, and the payment of his debts, and the death of his wife, all that remained of all the property described in said provision of his will was to go· to and be the property of Elmer E. Price. We are of the opinion that it was prejudicial error for the court below to hold otherwise. We think that the claim of defendants in error that the paper writing reputed to be a deed, and covering the real estate in this action, is not supported either in fact or law, because it does not conform to the requirements of Section 8510 of the General Code, which provides:

"A deed, mortgage, or lease of any estate or interest in real property, must be signed by the grantor; mortgagor, or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor, in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation."

It is admitted by the parties to this suit that .there was but one subscribing witness to said paper writing, and, therefore, it not being executed in compliance with law, it does not have the effect and force of a deed, and *is not a deed.*

We think it was prejudicial error in the court below in permitting this paper writing to be admitted in evidence, and in holding that it was a deed.

The second amended petition alleges "that said deeds (one being the deed in question) were delivered to one George R. Hosler, to be delivered by him to the grantees therein at the death of said Jacob L. Klincfelter and Catharine Klinefelter, his wife, or the survivor of them."

We have carefully read the testimony of every witness, as appears in the record in this case, and we fail to· find any proof whatever in support of said allegation. In the first place, the paper writing in question was not executed as required by law, and therefore *is not a deed.* In the second place, if it had been so executed and was in fact a deed, there is an absence of proof showing or even tending to show *that it was delivered in escrow.*

From what has already been said it of necessity follows that we find prejudicial error in the record, and that the judgment of the common pleas court should be reversed. It also follows

that the cross petition in error of the defendants in error should be dismissed, and the same is hereby done.

Judgment of the common pleas court reversed and cause remanded.

SHIELDS, J., and FERNEDING, J. (sitting in place of Powell, J.), concur.