## THE EDWARD D. WOODWARD CO. v. HART.

*Corporations—Right of stockholder to inspect books—Denial of ownership of stock not defense, when—Injunction.*

In an injunction proceeding to restrain a corporation from refusing to allow plaintiff, a stockholder, to inspect its books and records, an answer admitting the issuance and delivery of stock to plaintiff and denying that he paid value for same is no defense, the stock having been in the possession of plaintiff for a number of years, and so carried on the books of the company during such period, and plaintiff having received dividends thereon at various times.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles L. Hopping* and *Mr. Sanford Brown,* for plaintiff in error.

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. Walter W. Helmholz,* for defendant in error.

HAMILTON, P. J. The defendant in error filed an action in the court of common pleas, alleging that he was a stockholder in The Edward D. Woodward Company, and prayed for an injunction restraining the Woodward Company from refusing to allow him to inspect its books and records.

The Woodward Company filed an amended answer, admitting the refusal to allow plaintiff to inspect the books and records, and admitting that it was a corporation. It followed with a general denial of all the other allegations. By way of cross-petition defendant set up the subscription for the stock, signed by the plaintiff, and the issuing

of the stock to him. It denied, however, that he paid value for the same, and alleged that Hart sought to offset the purchase price of the stock by the cancellation of an alleged claim against the stockholders of the company.

Briefly, the defense was that Hart was not a stockholder, and not entitled to the rights of a stockholder under Section 8673, General Code, which provides for the inspection of the books and records at all reasonable times by the stockholders.

The Woodward Company admitted the demand by Hart of the privilege of inspecting the books of the company, and conceded that this demand was refused, and there can be no question that if Hart is a stockholder in the Woodward Company he is entitled to the relief prayed for. Section 8673, General Code; *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St., 189.

Upon the request of counsel for the company the trial court made a separate finding of the law and the facts. The court found upon the facts that Hart was a stockholder in the Woodward Company, that at the time of the filing of his action he was the owner and holder of eighteen shares of the fully paid-up and non-assessable capital stock of the company, and that as such was entitled to an inspection of the books and records.

The case is here on error.

If the evidence supports the finding of facts, the judgment must be affirmed, as the facts so found by the court support the conclusion of law, entitling the stockholder Hart to the relief prayed for.

The cross-petition set up the following sub-scription:

"Kirkwood, St. Louis, Mo.,
   "September 1, 1909.

"I hereby subscribe for Nineteen (19) shares of the capital stock of The Edward D. Woodward Co., a corporation, of Cincinnati, Ohio; said stock to be fully paid and non-assessable.

"In Witness Whereof, I have hereunto set my hand and seal this 1st day of September in the year of our Lord, One Thousand, Nine Hundred and Nine (1909).

"(Signed) *Vernon Calvert Hart.*"

The cross-petition further admits that the stock on this subscription was issued and sent to Hart. This was in 1909, and the stock has been in the possession of Hart ever since, and has been carried on the books of the company at all times. The stock book shows the issuance of the stock, and Hart's receipt therefor.

The evidence is that the president of The Edward D. Woodward Company had sold out some property of a company in Cincinnati, Ohio, in which Hart was a stockholder, and that Hart understood from the president of the company that he had sufficient money in his hands to pay for the issue of the stock of The Edward D. Woodward Company.

There is no proof of fraud on the part of Hart in procuring the stock, and the record further shows that the company had recognized the ownership of the stock by Hart by paying dividends on the same at divers times.

In 1 Cook on Corporations (8 ed.), 325, the author says:

"Any agreement by which a person shows an intention to become a stockholder is sufficient to bind both him and the corporation. * * * When, however, one accepts or assumes the position and duties and claims the right and privileges and emoluments of a stockholder, and the corporation accepts or acquiesces therein, such person is estopped to deny that he is a subscriber, even though there may have been something irregular or defective in the form or manner of his subscription. * * * Merely accepting and holding a certificate of stock is sufficient to constitute one a stockholder."

The author supports the above statement by a long line of authorities.

See also Fletcher Cyclopedia Corporations, volume 2, page 1132, and volume 5, Section 3427.

Under this doctrine, as above stated, the question of the payment of value for the stock is not controlling. Were it found that he had not paid for the stock he would none the less be a stockholder, which would entitle him to a standing in court to protect the rights of stockholders. As was held in the case of *Barcus* v. *Gates,* 61 U. S. App., 596:

It would be a new doctrine to hold that because a stockholder has bought stock from a corporation at a price less than the par value, under an agreement that it shall be treated as paid in full, his stock is void, and he without standing in court to protect rights accruing to stockholders by reason of the misconduct of the corporation, or its managing officers.

In the case of *Olsen* v. *State Bank,* 67 Minn., 267, the court intimates that such a doctrine would

convert the statute prohibiting such an issue of stock into a shield in the hands of the stockholders to defraud creditors who might trust the corporation. If the stock so issued is void, then in pro ceedings by creditors to compel the holders thereof to pay into the corporation the unpaid value the fact that the stock is void would be a complete defense and relieve the holders from any and all obligations to creditors. The true doctrine in such cases is that the stock is not void, but that the holder thereof may be compelled at a suit of creditors to pay into the corporation the full par value. The stock is valid, but the agreement that it shall be considered as paid in full is voidable.

The cases collected in a note in 8 L. R. A., N. S., 271, are to the effect that such stock is not void or tainted with illegality to such an extent as to deprive the stockholder of the rights incident to his relation to the corporation.

It was suggested by counsel for the Woodward company that this stock was not issued by the company, but by the President only, and that the other stockholders of the company had no knowledge of its issuance.

The answer admits the issuance and delivery of the stock to carry out the intent and purpose of the subscription. Further, the records of the company show the issuance of the stock. It was on the books for a period of twelve years or more, before the bringing of this action, during which time dividends had been declared on the same. The company will not be heard at this late date to complain of the legality of the issuance and delivery of the stock.

The conclusion is that the evidence supports the

finding of fact of the trial court, and there was no error in the judgment.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.