**UNITED STATES of America**

v.

**Jean Robert NERIUS, Appellant.**

**No. 15–3688**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 20, 2016

(Filed: May 25, 2016)

Stephen R. Cerutti, II, Esquire, Eric Pfisterer, Esquire, Office of United States Attorney, 228 Walnut Street, P.O. Box 11754, 220 Federal Building and Courthouse, Harrisburg, PA 17108, Counsel for Appellee.

D. Toni Byrd, Esquire, Ronald A. Krauss, Esquire, Office of Federal Public Defender, 100 Chestnut Street, Suite 306, Harrisburg, PA 17101, Counsel for Appellant.

Before: SMITH, HARDIMAN, and SHWARTZ, Circuit Judges.

## OPINION

SHWARTZ, Circuit Judge.

Jean Robert Nerius pled guilty to resisting or impeding correctional employees, in violation of 18 U.S.C. § 111(a)(1), and damaging property within special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1363. Nerius was originally sentenced as a career offender to 37 months' imprisonment but, following the Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), was resentenced to 36 months. Nerius claims that his new sentence is presumptively vindictive under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because it falls at the upper end of the non-career offender Guideline range, while his original sentence was at the lower end of the career offender range. Because his revised sentence was lower than that originally imposed, *Pearce*'s presumption of judicial vindictiveness does not apply, nor is there any evidence of actual vindictiveness, and thus we will affirm.

I

While in custody at the United States Penitentiary in Lewisburg, Pennsylvania, Nerius committed several offenses. In one incident, he bit a correctional employee's finger. In a separate incident, he broke the sprinkler head in his cell, causing the area to flood. Nerius was charged with, among other things, resisting correctional officers and damaging property in violation of 18 U.S.C. §§ 111(a)(1) and 1363, respectively,

and he pled guilty to both counts.[1]

The Presentence Investigation Report ("PSR") calculated a base offense level of 14, which was increased to 17 because the § 111(a)(1) charge was deemed a crime of violence and, due to his criminal record, qualified Nerius as a career offender under U.S.S.G. § 4B1.1. Nerius then received a three-level reduction for acceptance of responsibility under § 3E1.1. As a result, Nerius had a total offense level of 14, a criminal history category of VI, and faced an advisory Guidelines range of 37 to 46 months' imprisonment.

Nerius objected to his designation as a career offender, arguing that his violation of § 111(a) does not constitute a crime of violence under the residual clause of § 4B1.2(a)(2). The District Court rejected this argument.

Nerius then sought a downward variance based on his "exemplary behavior" in prison since August 2013. App. 72. He acknowledged that he had numerous disciplinary incidents in prison but, since being charged with these crimes, he had remained "completely incident free at a very high level security institution with very strict conditions," demonstrating post-offense rehabilitation. *Id.* The Government opposed a variance, arguing that the District Court could reward this "recent good behavior" with a within-Guidelines sentence. App. 77. The District Court considered Nerius's violent actions in the context of his "long history with the criminal justice system," App. 79, acknowledged that Nerius had recently improved his behavior, and on that basis found "that a sentence at the bottom of the [career offender] guideline range is reasonable, ap-

propriate, and is not greater than necessary to meet sentencing objectives." *Id.* It therefore imposed a 37–month sentence on each count, to be served concurrently.[2] Nerius appealed.

While his appeal was pending, the Supreme Court held that the residual clause in the Armed Career Criminal Act is void for vagueness. *Johnson*, 135 S.Ct. at 2557. Because § 4B1.2(a)(2) contains a similar residual clause, the Government determined that *Johnson* applied to § 4B1.2 and filed an unopposed motion to vacate and remand Nerius's case for resentencing, which this Court granted. *See* Order, *United States v. Nerius*, No. 14–4121 (3d Cir. Aug. 26, 2015).

At resentencing, the District Court adopted the Government's position that Nerius no longer qualified as a career offender and determined that his revised total offense level was 12 and his criminal history category remained VI, yielding a Guidelines range of 30 to 37 months' imprisonment. Nerius again sought a variance to either a below-Guidelines sentence or a sentence at the bottom of the revised range, emphasizing his continued good behavior in prison. The Government maintained that a within-Guidelines sentence was appropriate. The District Court discussed the nature and circumstances of the offense and Nerius's history and characteristics, including his record of good behavior, found "a sentence at the high end of the [non-career offender] guideline range to be reasonable, appropriate and not greater than necessary to meet sentencing objectives," and sentenced Nerius to a 36–month term on each count, to be served concurrently.[3] App. 110. Nerius ap-

---

1. Under the terms of Nerius's plea agreement, the Government dismissed two other counts.

2. The concurrent 37–month sentences were to be served consecutively to a sentence Nerius was already serving for a drug conviction.

3. Immediately after the District Court announced the sentence, Nerius unsuccessfully sought reconsideration of the sentence.

peals, arguing that his revised sentence triggered the *Pearce* presumption of judicial vindictiveness and thereby violated due process because, at his initial sentencing, he was sentenced at the bottom of the then-applicable Guideline range, and at his resentencing, he was sentenced near the top of the revised range.

## II [4]

"Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 U.S. at 725, 89 S.Ct. 2072. Under *Pearce* and its progeny, when a defendant receives a higher sentence after having exercised his due process rights to appeal, a presumption of vindictiveness applies, "which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). The *Pearce* presumption does not apply "when the aggregate [revised] sentence is less than that originally imposed and there is no evidence of vindictiveness on the part of the sentencing court." *Kelly v. Neubert*, 898 F.2d 15, 16, 18 (3d Cir. 1990) (rejecting *Pearce* claim where, on remand, sentencing court increased sentences on several individual counts but reduced overall sentence); *see United States v. Murray*, 144 F.3d 270, 275 (3d Cir. 1998) (rejecting *Pearce* claim where defendant's "new sentences on the drug counts do not exceed the total length of his original sentence" and there was no evidence of actual vindictiveness). Where the presumption does not apply, an appellant must provide "proof of actual vindictiveness" by the sentencing judge at resentencing to support a claim of judicial vindictiveness. *Rock v. Zimmerman*, 959 F.2d 1237, 1258 (3d Cir. 1992) (en banc), *abrogated on other grounds by Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

The *Pearce* presumption focuses on whether the length of the new sentence exceeds the total length of the original sentence. Because of this focus, the fact that two sentences may fall in different relative positions within the original and revised Guideline ranges is irrelevant. Under *Pearce*, we use the actual sentence imposed following the appeal as a litmus test for the presence or absence of vindictiveness and do not require the resentencing process to mirror the original proceeding. *Kelly*, 898 F.2d at 16. As a result, for *Pearce* purposes, the District Court is not obligated to impose a sentence at the bottom of the revised range simply because its original sentence was at the bottom of the then-applicable range. Here, while Nerius's new sentence fell at a different point in the revised sentencing guideline range, he in fact received a shorter sentence at resentencing, and thus the presumption is not triggered. *See id.*

Moreover, Nerius does not raise, nor do we discern a basis for, a claim of actual vindictiveness. The District Court explained that Nerius's criminal history and extensive prison disciplinary record, which included dozens of incidents between 2005 and 2013 while he was serving his nearly 16–year sentence, weighed against his two-year record of good behavior, and justified a 36–month sentence.

For these reasons, the reduced sentence is not subject to the *Pearce* presumption. That, "coupled with the absence of anything to indicate [actual] vindictiveness[,]

---

4. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

... satisfies us" that the lower 36–month sentence was proper. *Id.* at 18.

## III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.