**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2421
_____

UNITED STATES OF AMERICA

v.

GELEAN MARK,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(No. 3:06-cr-00080-001)
District Judge:  Hon. Curtis V. Gomez

_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 14, 2018

Before:  CHAGARES, HARDIMAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed:  December 20, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Gelean Mark was convicted of conspiracy to possess cocaine with intent to distribute. He appeals his sentence of 210 months of imprisonment based on the District Court's finding that he was responsible for 87.5 kilograms of cocaine. We will affirm.

I.

Because we write only for the parties, we recite only the facts necessary to our disposition.

In December 2006, Gelean Mark was charged with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 for his part in a conspiracy to import cocaine into the United States by commercial aircraft out of St. Thomas, U.S.V.I. At trial, the District Court instructed the jury that it needed to find that the conspiracy involved a measurable amount of the controlled substance alleged in the indictment. The jury returned a guilty verdict. The District Court then submitted a post-verdict question to the jury asking whether they found that five kilograms or more of cocaine was involved in the offense. The jury did not reach a unanimous decision.

At Mark's sentencing, the District Court found "by a preponderance of the evidence that the appropriate level [of cocaine] should be 15 to 50 kilograms." United States v. Mark, No. 3:06-cr-00080 (D.V.I. Mar. 25, 2011), ECF No. 1308 at 48. The court explained only that its finding was "based on the information adduced at trial, which would put it at a base offense level of 34, instead of 36," that it was "mindful of relevant conduct and what it can consider," and that there was "an abundance of evidence that the Court cannot ignore." Id. After other adjustments, the court determined that

2

Mark's guidelines range was 210 to 262 months in prison. The court sentenced him to 210 months.

Mark appealed, and we vacated his sentence and remanded for resentencing. United States v. Freeman, 763 F.3d 322 (3d Cir. 2014). We explained that "[a]side from these conclusory statements, the District Court offered no other explanation as to the basis for its findings" and that "the District Court's short, conclusory response left much to be desired regarding what testimony and/or evidence it relied upon, or did not rely upon, in reaching its drug quantity conclusion." Id. at 339. "This was error," since "[o]n this record, we cannot conclude that the District Court's factual findings regarding drug quantity at Mark's sentencing hearing met the Guidelines' sufficient indicia of reliability standard." Id.

The District Court resentenced Mark in June 2017. At the resentencing hearing, the Government read into the record excerpts of the trial testimony of Glenson Isaac, Mark's co-conspirator. See Supplemental Appendix ("SA") 77–101. After, the District Court stated that this testimony showed Mark was responsible for around 142.5 kilograms of cocaine. The court then held that, based on a preponderance of the evidence, "while 142.5 kilograms was arguably presented through the government's recitation of the transcript, specifically the testimony of Mr. Isaac, the Court is of a mind that the appropriate amount is 87.5 kilograms." SA 132. The court explained,

> Now in reaching that amount, the Court gives weight to the testimony of Glenson Isaac, as corroborated by the testimony of the several couriers. Indeed, the Court had an opportunity to hear Mr. Isaac, who testified over an extensive period of time during the course of the trial.

3

The Court had an opportunity to observe his demeanor and assess his credibility. And the Court found the witness to be credible, as it did the couriers who provided testimony in support.

Now, having made that assessment, the Court still has to apply to that testimony, whether the testimony reached a standard of a preponderance of evidence. And as the Court indicated, the Court finds that, in fact, there is a preponderance of the evidence that 87.5 kilograms was involved.

SA 132–33. Based on this finding, the District Court again sentenced Mark to 210 months of imprisonment. He timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. We review a district court's sentence for abuse of discretion, by either procedural error or substantive unreasonableness. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## III.

Mark challenges the District Court's conclusion that he was responsible for 87.5 kilograms of cocaine on five procedural grounds. His arguments are unavailing.

## A.

Mark argues that the District Court did not adequately state its basis for finding him responsible for 87.5 kilograms of cocaine. At Mark's first sentencing, the District Court did not identify what testimony or evidence it relied on, so we could not assess whether the information underpinning the sentence was sufficiently reliable. On resentencing, the court gave "weight to the testimony of Glenson Isaac, as corroborated by the testimony of the several couriers." SA 132. We found "no error in the District

4

Court's reliance on Isaac's testimony" in the first appeal. Freeman, 763 F.3d at 338. We observed that "[w]hile the District Court does appear to rely heavily on Isaac's testimony, it supports this reliance by noting that his testimony was corroborated significantly by other drug couriers" and that "Isaac was not an addict–informant, nor did he present himself in any other way that would require additional caution in relying on his testimony." Id. Thus, the District Court relied on testimony sufficiently reliable to support its finding on drug quantity.

Since the court's conclusion rests on sufficiently reliable evidence, we need ask only whether the finding itself — 87.5 kilograms — is clearly erroneous. United States v. Gibbs, 190 F.3d 188, 204 (3d Cir. 1999). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008) (quoting Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993)). To reach 87.5 kilograms, the District Court stated that it did not credit four transactions (June 2004, May 2005, June 2005, September 2005) totaling 33 kilograms. The District Court must also have credited the transactions that occurred in June, July, and September 2003, which totaled 7.5 kilograms, and it must have discredited the 9-kilogram transaction from October 2005. Then the court must have credited eight of the nine remaining 10-kilogram transactions (November 2003, December 2003, January 2004, March 2004, July 2004, August 2004, September 2004, December 2004, August 2005). We have already held that the evidence supporting all of those transactions is sufficiently reliable. See

5

Freeman, 763 F.3d at 338.  Thus we are not left with the definite and firm conviction that the District Court erred.[1]

B.

Mark next argues that the District Court impermissibly relied on judge-found facts to enhance his sentence.  But as we explained in the first appeal, the "statutory sentencing range supported by the jury's verdict as to both Freeman and Mark ranged from a period of no incarceration to a maximum of 20 years' incarceration."  Id. at 336 (citing 21 U.S.C. § 841(b)(1)(C)).  Resentencing Mark within that range based on judicial findings was not an abuse of discretion.[2]

C.

Mark next argues that the District Court should have applied a clear-and-convincing-evidence standard to drug quantity, given its substantial effect on his sentence.  But as Mark conceded before the District Court, our Court requires only a preponderance of the evidence.  United States v. Fisher, 502 F.3d 293, 305–08 (3d Cir. 2007).  Mark offers no basis to deviate from our binding precedent.

---

[1] The record is unclear whether the District Court appended its rulings on "any disputed portion of the presentence report or other controverted matter" to the PSR made available to the Bureau of Prisons.  Fed. R. Crim. P. 32(i)(3)(B)–(C); see Mark Br. 26 (arguing the court did not append rulings).  We instruct the court to determine whether it attached its findings to the PSR.  If not, the court must send the Bureau of Prisons a new PSR identifying disputed matters (such as drug quantity) and stating the court's rulings.  See, e.g., United States v. Mays, 798 F.2d 78, 81 (3d Cir. 1986).

[2] We also reject any as-applied Sixth Amendment challenge to Mark's sentence.  See Freeman, 763 F.3d at 339 n.6 (rejecting the argument that a within-Guidelines sentence violates the Sixth Amendment because it would be substantively unreasonable in the absence of the District Court's factual findings).

6

## D.

Mark then argues that he was on notice only of the dates and amounts of cocaine listed in his presentence report and that the court thus deprived him due process when it allowed the Government to rely upon additional dates and amounts. This argument is meritless. Granted, it is true that constitutional due process and Federal Rule of Criminal Procedure 32(i)(1) require that a defendant receive a summary of the sentencing-related evidence against him and a "reasonable opportunity" to respond to it. Fed. R. Crim. P. 32(i)(1)(B); accord United States v. Ausburn, 502 F.3d 313, 322 (3d Cir. 2007) (discussing due process). But what qualifies as an opportunity to comment "may vary depending on the circumstances" and may even include "shar[ing] the documents with defense counsel on the date of the scheduled sentencing hearing, if the circumstances warranted that procedure." United States v. Nappi, 243 F.3d 758, 765 (3d Cir. 2001).

The sentencing hearing — which included a defense-requested recess to review the evidence in question — satisfied these requirements. From the start of the hearing, the Government claimed it could support the drug quantity in the PSR with Isaac's trial testimony. The Government then presented this testimony systematically, identifying 17 transactions and an alleged drug quantity for each transaction. Mark objected. The District Court overruled Mark's objection, but then later granted Mark's request to "review everything" in a one-hour recess. SA 102–03. Thus, Mark received sufficient notice and opportunity to respond to the use of Isaac's trial testimony at sentencing.

7

E.

Finally, Mark argues that the District Court improperly declined to grant him a downward departure. We will reverse when a district court may not have understood that it could downwardly depart on a requested basis. See, e.g., United States v. Nolan-Cooper, 155 F.3d 221, 242 (3d Cir. 1998). But we do not "review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the district court properly understood its authority to grant a departure." United States v. Minutoli, 374 F.3d 236, 239 (3d Cir. 2004).

Mark argues that the District Court should have downwardly departed because the Government serially prosecuted him, the District Court delayed three years resentencing him, and he has a good prison record. In each case, the District Court understood its authority to depart but declined to do so. As a result, we will not review the merits of this decision.

IV.

Mark also separately argues that the District Court retaliated against him by finding a higher drug amount on resentencing. We are not persuaded.

The due process clause forbids judges from retaliating against a defendant for succeeding on an appeal by imposing a more severe sentence on remand. North Carolina v. Pearce, 395 U.S. 711, 726 (1969). When a defendant receives a higher sentence on resentencing, a presumption of vindictiveness arises provided that there is a "reasonable likelihood" that the increased sentence is the product of actual vindictiveness. Alabama v. Smith, 490 U.S. 794, 799 (1989). When the presumption does arise, it can be

8

overcome by "objective information in the record justifying the increased sentence." United States v. Goodwin, 457 U.S. 368, 374 (1982).

Mark argues that the presumption arises because the District Court found a higher drug amount on remand. But we have explained that the "Pearce presumption focuses on whether the length of the new sentence exceeds the total length of the original sentence." United States v. Nerius, 824 F.3d 29, 32 (3d Cir. 2016). Mark's new sentence does not exceed the original. Both times, Mark was sentenced to 210 months of imprisonment. When the resentence is the same, no presumption of retaliation arises. See, e.g., United States v. Murray, 144 F.3d 270, 275 (3d Cir. 1998). How the District Court arrived at Mark's new sentence — by finding a higher drug amount — does not change this conclusion.[3] "Under Pearce, we use the actual sentence imposed following the appeal as a litmus test for the presence or absence of vindictiveness and do not require the resentencing process to mirror the original proceeding." Nerius, 824 F.3d at 32; see also Kelly v. Neubert, 898 F.2d 15, 16 (3d Cir. 1990) (holding that "a restructuring of a

---

[3] On remand, the District Court's finding that Mark was responsible for 87.5 kilograms of cocaine resulted in the same offense level, and thus the same Guidelines range of 210 to 262 months of imprisonment, as calculated in Mark's prior sentencing, even though the District Court previously found that Mark was responsible for only 15 to 50 kilograms of cocaine. In the intervening period between Mark's sentencings, the United States Sentencing Commission promulgated Amendment 782, which reduced by two levels the offense levels assigned to most drug quantities. See U.S.S.G. § 2D1.1(c). Thus, if the District Court, on remand, found that Mark was responsible for a quantity within the range of 15 to 50 kilograms — as it had found during Mark's prior sentencing — his offense level would have been reduced by two levels, resulting in a Guidelines range of 168 to 210 months of imprisonment.

9

sentence does not trigger the <u>Pearce</u> rule"). No presumption arises when the sentence is the same, no matter how the District Court reached that sentence.

"[W]here the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." <u>Wasman v. United States</u>, 468 U.S. 559, 569 (1984). Mark argues that the District Court's three-year delay resentencing him on remand and six-month delay filing its written judgment after resentencing prove actual vindictiveness. But Mark offers no reason to attribute these delays to vindictiveness rather than a benign reason such as a heavy caseload or administrative oversight. And Mark will not spend longer in prison because of the delays, since he will receive credit for his jail time. Thus, Mark has not affirmatively proved actual vindictiveness.

V.

For these reasons, we will affirm the judgment of sentence.