NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1625
_____

UNITED STATES OF AMERICA

v.

ABIODUN BAKRE,
            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-14-cr-00012-003)
District Judge: Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 1, 2019

Before:  RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: October 10, 2019)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

    Abiodun Bakre appeals his sentence, arguing that the District Court failed to

---

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

adequately consider his personal history and characteristics. Because we conclude that the District Court's sentence was procedurally sound, we will affirm.

I.

Between 2010 and 2014, Bakre participated in a massive identity fraud scheme involving over 11,000 individuals' identities and an attempted loss of over $69 million. His role in the scheme was to create and manage bank accounts into which the fraudulently acquired money could be deposited. He was charged with one count of conspiracy to commit wire fraud[1] and eight counts of aggravated identity theft.[2] He pleaded guilty to all nine counts.

At sentencing, Bakre argued for a downward variance, justified by evidence of his personal history as a good father and employee and his limited involvement compared to his coconspirators. He requested a sentence of forty-eight months—time served—while the Government sought a sentence within the U.S. Sentencing Guidelines range.

At the sentencing hearing, the District Court noted how serious the offense was— it was the "greatest intended loss case" that the sentencing judge had ever seen in over thirty years on the bench[3]—and the pressing need for deterrence and respect for the law as required by 18 U.S.C. § 3553(a). The court found "no mitigating nor aggravating

---

[1] 18 U.S.C. § 1349.
[2] 18 U.S.C. § 1028(a)(1).
[3] App. 107.

factors that would justify a variation or deviation from the Guidelines in this case."[4] It followed the lower end of the Guidelines range, sentencing Bakre to sixty-three months for conspiracy to commit wire fraud and a twenty-four-month sentence at each aggravated identity theft count, to be served concurrently with each other and consecutively to the wire fraud sentence. Bakre appeals.

## II.

The District Court had jurisdiction to sentence Bakre for his offenses against the laws of the United States,[5] and we have jurisdiction to review that sentence.[6] We review the District Court's sentencing procedure for abuse of discretion.[7] However, because Bakre's sentencing error claim was not preserved, it is reviewed for plain error.[8] We reverse only if any error is plain and affects both substantial rights and the fairness or integrity of the proceedings.[9]

## III.

Bakre argues that the District Court's sentence was procedurally unreasonable. When reviewing for procedural error, we examine whether the court correctly calculated a defendant's Guidelines range, ruled on motions for departure from the Guidelines, and

---

[4] App. 109.
[5] 18 U.S.C. § 3231.
[6] *Id.* § 3742.
[7] *United States v. Vazquez-Lebron*, 582 F.3d 443, 445 (3d Cir. 2009).
[8] *Puckett v. United States*, 556 U.S. 129, 133, 134–35 (2009).
[9] *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018).

3

considered the sentencing factors outlined in § 3553(a).[10] A sentence is procedurally

reasonable if "the record as a whole reflects rational and meaningful consideration of the

[§ 3553(a)] factors."[11]

Bakre's sole claim of procedural error is that the District Court failed to

meaningfully consider his history and characteristics as required by § 3553(a)(1). We

afford great deference to the District Court because it "is in a superior position to find

facts and judge their import under § 3553(a) in the individual case" and to "gain[]

insights not conveyed by the record."[12] We do not require the District Court to speak

directly to each § 3553(a) factor because "th[e] statute does not contain such an 'explicit'

explanation requirement." [13] The court instead "has the discretion to determine the extent

to which each factor merits discussion."[14] It need only provide "some indication in the

record" that it considered Bakre's arguments for a shorter sentence.[15]

Bakre correctly notes that, at the sentencing hearing, the District Court mostly

spoke of the nature of the offense and the need for deterrence and never explicitly

---

[10] *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

[11] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

[12] *United States v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

[13] *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010).

[14] *United States v. Kluger*, 722 F.3d 549, 568 (3d Cir. 2013).

[15] *United States v. Merced*, 603 F.3d 203, 224 (3d Cir. 2010); *see also United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006) ("[T]he court is not required to discuss and make findings as to each of the § 3553(a) factors 'if the record makes clear the court took the factors into account in sentencing.'" (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006))).

mentioned its consideration of Bakre's history and characteristics. He argues that the court did not address the "theme threaded throughout all of [his] evidence" at sentencing, that he was not a "mere fraudster" but instead a "decent, hardworking, caring and kind person who made a terrible mistake."[16]

However, the District Court sufficiently considered Bakre's history and characteristics. The court referred to the fact that Bakre is a father, stating that the negative impact of Bakre's criminal activity on his children was "almost an aggravating circumstance."[17] It bookended its explicit discussion of the seriousness of the offense, respect for the law, and deterrence with statements confirming that it considered the § 3553(a) factors. And it concluded that, "upon thorough review," it found "no mitigating nor aggravating factors that would justify deviation from the [G]uidelines in this case."[18] In total, the record reflects the requisite "rational and meaningful consideration" of the § 3553(a) factors, and the District Court committed no procedural error.

Because the District Court committed no error, we need not consider whether any alleged error would meet the plain-error standard.[19]

## IV.

For the reasons set forth above, we will affirm the District Court's sentence.

---

[16] Appellant's Br. 17.
[17] App. 106.
[18] App. 107–09.
[19] *See United States v. Lloyd*, 469 F.3d 319, 325–26 (3d Cir. 2006) (finding no error in court's consideration of § 3553 factors and concluding analysis).

5