**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1342
_____

PETER J. CRESCI, Individually; JANES DOES 1-4; JOHN DOES 1-4

v.

CITY OF BAYONNE; J. KAZAN, Individually; DETECTIVE #78 JOSEPH SPIERS,
Individually; ROBERT KUBERT, Individually; ALAN S. ELAWADY, Individually;
JASON OLMO, Individually; JAMES M. DAVIS, Individually; JOSEPH DEMARCO;
DANIEL RAGOZZINO, Individually; JOHN DOES 1-10; XYZ CORPS 1-5 (Fictitious
Entities); JANE DOES 1-6

Peter J. Cresci,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cv-19928)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 16, 2023

Before: CHAGARES, *Chief Judge*, MATEY and FUENTES, *Circuit Judges*.

(Filed: January 9, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

**FUENTES**, *Circuit Judge*.

Peter Cresci challenges the denial of his third motion for leave to file a Second Amended Complaint. Because the decision denying Cresci's motion did not amount to an abuse of discretion, we will affirm.

I.

We write primarily for the parties and recite only the facts essential to our decision. In November 2019, Cresci filed a lawsuit against the City of Bayonne and various individual officers and city officials, alleging that he was unlawfully arrested and detained for four days in Essex County jail in retaliation for speaking out against public corruption. In his complaint, as amended in January 2020 (the "First Amended Complaint"), Cresci asserted numerous constitutional and civil rights violations under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act,[1] as well as a violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act.[2] In September 2020, the District Court dismissed the First Amended Complaint for failure to state a claim against any of the defendants. This dismissal was entered "without prejudice to the filing, within 30 days, of a motion to amend the complaint, accompanied by a proposed amended complaint with changes highlighted to facilitate comparison with the original."[3]

Cresci filed three such motions. The presiding Magistrate Judge denied the first two motions because Cresci had violated the District Court's September 2020 order;

---

[1] N.J. Stat. Ann. § 10:6-2 *et seq.*
[2] N.J. Stat. Ann. § 2C:41-1 *et seq.*
[3] App. 106.

2

Local Civil Rule 7.1(d)(4)[4] by failing to include a brief in support of his motion or a statement that no brief was necessary; and Local Rule 15.1(a)(2)[5] by failing to identify sufficiently the changes to his pleading.  On both occasions, the Magistrate Judge permitted Cresci to seek leave to amend for a second and third time but cautioned that Cresci's motions would again be denied if he failed to comply with the Local Rules and prior court orders.  In October 2022, the Magistrate Judge denied Cresci's third motion.  Although Cresci's third motion was accompanied by a statement that no brief was necessary and thus complied with Local Civil Rule 7.1(d)(4), the Magistrate Judge found that Cresci again failed to highlight consistently or otherwise annotate the changes in his proposed amended pleading.  The Magistrate Judge reasoned, "[d]espite being provided with ample opportunity to amend and unambiguous instructions regarding the requirements for being permitted to do so, Plaintiff's present motion clearly demonstrates a complete lack of effort by Plaintiff to submit a complying motion."[6]  Cresci appealed the Magistrate Judge's order to the District Court, which affirmed.[7]

---

[4] D.N.J. L. Civ. R. 7.1(d)(4) ("In lieu of filing any brief pursuant to L.Civ.R. 7.1(d)(1), (2) or (3), a party may file a statement that no brief is necessary and the reasons therefor.").

[5] D.N.J. L. Civ. R. 15.1(a)(2) (motions to amend must be accompanied by "a form of the amended pleading that . . . indicate[s] in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added").

[6] App. 14.

[7] The District Court held that "[i]t was an appropriate exercise of the [Magistrate Judge]'s discretion to deny Cresci's motion to amend after Cresci failed to submit a motion to amend which complies with the Local Civil Rules or the [District] Court's September 24, 2020 Order after *three separate opportunities to do so*."  App. 6 (emphasis in original) (internal quotation marks and citations omitted).  In the alternative, the District Court also held that Cresci's motion should be denied for the independent reason that the proposed

3

"Although the District Judge gave reasons of its own when declining to set aside the Magistrate Judge's order, we are really reviewing the Magistrate Judge's exercise of discretion in entering the order, and not the District Court's deferential review of the same."[8] Accordingly, we will focus our review on the Magistrate Judge's October 2022 order.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the denial of leave to amend a complaint for abuse of discretion,[9] "except where amendment is denied for legal reasons drawing *de novo* review (such as when the proposed amendment would fail to state a claim)."[10] "If we find an error in the [court's] reasoning, we exercise our own discretion in determining whether we will nevertheless affirm 'if . . . [the remaining] findings would support denial of leave to amend.'"[11]

## III.

Federal Rule of Civil Procedure 15(a) governs amended pleadings. Rule 15(a)(1) provides for amending as a matter of course, either within 21 days of serving the pleading

---

amendments are futile because they would not cure the legal defects in the First Amended Complaint. Because we hold that the Magistrate Judge did not abuse his discretion in denying Cresci's motion to amend, we do not reach the District Court's alternative basis for its decision.

[8] *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017).

[9] *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam).

[10] *Mullin*, 875 F.3d at 150 (citing *U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)) (emphasis in original).

[11] *Id.* (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).

4

or within 21 days of service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Rule 15(a)(2)—the operative provision here—provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[12]

Notwithstanding Rule 15(a)(2)'s instruction that courts "should freely give leave when justice so requires,"[13] the ultimate decision to grant or deny opportunity to amend is within the discretion of the court.[14] Courts may deny a request to amend if, among other reasons, "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."[15] Courts may also consider "additional equities, such as judicial economy/burden on the court."[16]

Denial of Cresci's third motion to amend was a sound exercise of discretion. Cresci's three motions were plagued with cascading failures to adhere to court orders from the District Judge and the Magistrate Judge as well as the Local Rules. Both judges provided Cresci with clear instructions for filing a motion to amend. Yet Cresci failed three times over to comply with their directive to identify clearly the proposed changes to

---

[12] Fed. R. Civ. P. 15(a)(2).
[13] *Id.*
[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[15] *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Foman*, 371 U.S. at 182 (district courts may deny a motion for leave to amend for "repeated failure to cure deficiencies by amendments previously allowed").
[16] *Mullin*, 875 F.3d at 149–50 (citing *USX Corp. v. Barnhart*, 395 F.3d 161, 167–68 (3d Cir. 2004)).

his pleading, each time forcing the defendants to file a renewed opposition without any meaningful way to discern the new allegations (or lack thereof).

Moreover, Cresci's disregard of the Court's orders and Local Rules made determining the sufficiency of Cresci's amended pleading unnecessarily and impermissibly burdensome. Although Cresci claims to have underlined the changes to his pleading, he underlined around ninety percent of the text in his third proposed amendment. Many of those paragraphs do not, in fact, contain any new material; others were simply modified to include additional conclusory allegations. These issues persisted throughout the renewed motions, and we see no indication that Cresci would have proceeded any differently had he been given additional opportunities to amend.[17]

Cresci advances two reasons why, in his view, the Magistrate Judge abused his discretion. We reject both arguments. First, Cresci claims that the Magistrate Judge erred by prioritizing the requirements of Local Civil Rule 15.1 over Federal Rule 15(a), which "embodies a liberal approach to amendment."[18] But this preference for allowing amendment is reflected in the three opportunities that Cresci received to fix the deficiencies in his filings. Second, Cresci suggests that the Magistrate Judge improperly considered the proposed amendments in relation to an earlier, superseded version of the complaint. But the Magistrate Judge was correct to compare the proposed amendments

---

[17] *Cf. id.* at 158 (explaining that the judicial economy consideration focuses on "whether future management of the case would encounter similar difficulties"). In fact, the proposed amended pleading included in Cresci's third motion appears to be substantively identical to the second proposed amendment.

[18] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486 (3d Cir. 1990).

6

to the First Amended Complaint, which was the most recently filed pleading accepted by the Court[19] and the subject of the District Court's September 2020 order of dismissal. Accordingly, we conclude that the decision denying Cresci's motion did not amount to an abuse of discretion.

IV.

For the foregoing reasons, we will affirm.

---

[19] *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("[T]he most recently filed amended complaint becomes the operative pleading.").