[Cite as *In re Guardianship of Claflin*, 2024-Ohio-5199.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| THE GUARDIANSHIP OF | : | Hon. John W. Wise, J. |
| CARSON K.M. CLAFLIN | : | Hon. Andrew J. King, J. |
| | : | |
| | : | |
| | : | Case No. 24-COA-012 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Probate Division, Case No.
                            20102002

JUDGMENT:                    Judgment Vacated and Remanded

DATE OF JUDGMENT:            October 29, 2024

APPEARANCES:

For Appellant Western Surety Company

LEE M. BREWER
3910 Telegraph Road
Suite 200
Bloomfield Hills, MI  48309

For Carson K.M. Claflin

CARSON K.M. CLAFLIN
2525 Pleasant Hill Drive
Pulaski, VA  24301

For Jessica Hadley

JESSICA HADLEY
1650 North Kadota Avenue, Apt. 181
Casa Grande, AZ  85122

JESSICA HADLEY
231 Sloan Avenue
Ashland, OH  44805

*King, J.*

{¶ 1} Appellant, Western Surety Company, appeals the February 6, 2024 judgment entry of the Court of Common Pleas of Ashland County, Ohio, Probate Division, ordering it to pay on fiduciary bonds. We vacate the judgment and remand the matter to the probate court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 15, 2010, Jessica Hadley filed an application for appointment of guardian of minor of her younger brother, Carson K.M. Claflin, after the death of their mother. Attached to the application was a guardian's bond in the amount of $25,000 issued by Western Surety, signed by its attorney-in-fact Thomas W. Ferguson. A hearing for the appointment of guardian was held on March 16, 2020. By judgment entry filed March 23, 2010, the probate court approved the bond and appointed Hadley as guardian of the person and the estate of Claflin. On September 21, 2010, Hadley filed an inventory totaling $150,993.57.

{¶ 3} On February 16, 2011, Hadley filed a report of newly discovered assets in the amount of $82,870.77. On March 14, 2011, Hadley was granted permission to deposit $100,000 in two certificates of deposit of $50,000 each. On March 17, 2011, Western Surety issued a supplemental bond in the amount of $245,000, again signed by its attorney-in-fact Thomas W. Ferguson.

{¶ 4} On October 30, 2012, the probate court held a hearing to review the status of the proceedings as Claflin was turning eighteen the next day. Hadley admitted to expending funds without court approval; Claflin did not object to any of the expenditures. The probate court ordered Hadley to file an accounting, but she never did.

{¶ 5} Hearings were held over the ensuing years and Hadley could never be located and/or failed to appear.

{¶ 6} On June 20, 2019, the probate court found Hadley liable for expenditures made by her as guardian which were not approved.

{¶ 7} On January 9, 2023, Claflin filed a motion to close the guardianship and release any funds held for his benefit. On February 13, 2023, the probate court issued a judgment entry noticing Hadley and Western Surety that it would consider orders requiring the payment of all guardianship assets to Claflin as well as judgment against the parties in favor of Claflin as of March 1, 2023; the parties had until that date to file any objections. Although Western Surety is listed in the "CC:" there is no indication in the record that the notice was sent to or received by Western Surety.

{¶ 8} Further hearings were not held. By judgment entry filed February 6, 2024, the probate court closed the guardianship, released guardianship assets to Claflin, and granted judgment to Claflin as against Hadley and Western Surety, jointly and severally, in the amount of $233,662.52 plus 10% penalty and all costs associated with the case. On March 4, 2024, Western Surety's agent was served with the February 6, 2023 judgment entry. The first attempt at service was returned "not deliverable as addressed."

{¶ 9} Western Surety filed an appeal with the following assignments of error:

I

{¶ 10} "THE PROBATE COURT ENTERED A JUDGMENT AGAINST APPELLANT WESTERN SURETY COMPANY WITHOUT DUE PROCESS, AND WITHOUT THE AUTHORITY TO GRANT SUCH RELIEF."

II

{¶ 11} "THE PROBATE COURT ENTERED A JUDGMENT AGAINST APPELLANT WESTERN SURETY COMPANY AFTER THE STATUTE OF LIMITATIONS HAD RUN, AND WHEN THE CLAIMS AGAINST WESTERN SURETY COMPANY WERE BARRED BY THE DOCTRINE OF LACHES."

III

{¶ 12} "THE PROBATE COURT ENTERED A JUDGMENT AGAINST APPELLANT WESTERN SURETY COMPANY DESPITE THE WAIVER OF CLAIMS BY THE WARD (THE ONLY PARTY WHO COULD BRING CLAIMS AGAINST IT)."

IV

{¶ 13} "THE PROBATE COURT ENTERED A JUDGMENT AGAINST APPELLANT WESTERN SURETY COMPANY DESPITE THE FACT THAT ITS ACTIONS SERVED TO PREJUDICE WESTERN SURETY COMPANY, RESULTING IN A DISCHARGE OF THE BOND."

V

{¶ 14} "THE PROBATE COURT ENTERED A JUDGMENT AGAINST APPELLANT WESTERN SURETY COMPANY IN AN EXCESSIVE AMOUNT THAT DID NOT REFLECT THE ACTUAL LOSSES SUFFERED BY THE ESTATE, AND WHICH INCLUDED PENALTY INTEREST UNDER R.C. 2109.52, WHICH IS NOT RECOVERABLE AGAINST A SURETY."

I

{¶ 15} In its first assignment of error, Western Surety claims it was denied due process. We agree.

{¶ 16} R.C. 2109.61 permits actions "on the bond of a fiduciary against any one or more of the obligors on the bond" i.e., a surety. If a surety is not a party to the action, the surety "may intervene in the action or be made a party to the action by supplemental, amended, or cross-petition. Notice of any action or proceeding against the bonded fiduciary shall be given to the surety." The statute further states:

> If a surety on the bond of a fiduciary is not made a party to an action or proceeding against the fiduciary, the fact that a judgment was rendered or an order was entered against the fiduciary shall constitute only prima-facie evidence of the justice and validity of the claim in an action subsequently brought against the sureties on the bond of the fiduciary.

{¶ 17} In this case, a judgment was rendered against the fiduciary and Western Surety. But Western Surety argues it was not made a party to the action and was denied due process.

{¶ 18} "Due process of law as guaranteed by the federal and state constitutions requires some legal procedure in which an entity proceeded against, if that entity is to be concluded by a judgment, must be afforded an opportunity to defend itself." *Guardianship of Bowen*, 1993 WL 148829, *3 (4th Dist. Apr. 22, 1993). Both the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution guarantee due process of law, and thus guarantee "'a reasonable opportunity

to be heard after a reasonable notice of such hearing.'"  *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Ass'n*, 28 Ohio St.3d 118, 125 (1986), quoting *State ex rel. Allstate Ins. Co. v. Bowen,* 130 Ohio St. 347 (1936), paragraph five of the syllabus.

{¶ 19} In *Guardianship of Bowen,* the probate court entered judgment against the fiduciary and the surety after finding irregularities during an accounting hearing.  In reversing the probate court's judgment against the surety, the court found the surety was never made a party to the proceedings and there was no indication that the surety was given proper notice of the proceedings in violation of its due process rights.  *Guardianship of Bowen* at *3.  The court found personally handing over a copy of the probate court's judgment to the surety's agent was "clearly inadequate under due process" standards.  *Id.* at *4.  The court explained:

> The document handed to the agent gives no indication that the insurance company could also be held liable during that *stage of the proceedings* on the judgment entered against the guardian.  There is no warning that the insurance company should appear and defend its interests in the proceeding.  Moreover, this is a far cry from the sort of service of process envisioned under Civ.R. 4.  Service of process is essential for obtaining personal jurisdiction over a party, *see generally* 22 Ohio Jurisprudence 3d (1980) 462, Courts and Judges, Section 297, and personal jurisdiction is essential to rendering a valid personal judgment.  *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156.  There being no indication of proper service in the cause *sub judice,* the lower court lacked personal jurisdiction over the

insurance company and the judgment was invalid insofar as it concerned that party. *See Blankenship v. Blankenship* (Dec. 7, 1992), Adams App. No. 528, unreported at 8, fn. 6.

(Emphasis in original.) *Id.*

{¶ 20} The *Guardianship of Bowen* court concluded "the surety was not a proper party defendant on hearing exceptions to an account and, in any event, was never joined as a party or given proper notice of the proceedings below." *Id. Accord In re Grant*, 56 Ohio App.2d 207, 215-216, (8th Dist. 1978) (while R.C. 2109.61 authorizes an action against a surety, a probate court "may not enter a binding judgment against a surety that was neither made a party to the action against the fiduciary nor voluntarily appeared and defended against the action").

{¶ 21} Here, as in *Guardianship of Bowen,* Western Surety was not joined in the action nor was it noticed of any hearings or proceedings. The first time there is evidence in the record that Western Surety was sent anything during the fourteen-plus years the case was pending was when the clerk sent Western Surety the probate court's final judgment entry. Western Surety was not afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." *Ohio Valley,* 28 Ohio St.3d at 125.

{¶ 22} Upon review, we find Western Surety was denied due process. Thus, the probate court erred in rendering judgment against Western Surety on the bond when an action was never filed against Western Surety on the bond and it did not have notice of

any hearings or proceedings. *See In Matter of Guardianship of Edwards*, 1996 WL 557807, *6 (4th Dist. May 12, 2008).

{¶ 23} Assignment of Error I is granted; the remaining assignments of error are defenses to be presented to the probate court and are not reviewable in this appeal.

{¶ 24} The judgment of the Court of Common Pleas of Ashland County, Ohio, Probate Division, is hereby vacated and the matter is remanded to the court for further proceedings.

By King, J.

Gwin, P.J. and

Wise, J. concur.